348 P.2d 928

STATE of Arizona, Appellee,

v.

Charles D. HUDSON, Appellant.

No. 1129.

Supreme Court of Arizona.

Jan. 20, 1960.

W. A. Stanfield, Eloy, for appellant.

Wade Church, Atty. Gen., E. D. McBryde, Deputy County Atty., Pinal County, Casa Grande, Beverly J. McConnell, Deputy County Atty., Pinal County, Florence, for appellee.

PHELPS, Justice.

This is an appeal from a judgment of conviction of the crime of grand theft, an alleged violation of A.R.S. §§ 13–661 and 13–663. The appellant, Charles D. Hudson, hereinafter referred to as defendant, together with one A. W. Anderson, was charged by the county attorney of Pinal County with having willfully, unlawfully and feloniously stolen, taken and carried away an out-board motor of the approximate value of $500 belonging to one Thomas E. Blevins. Anderson pleaded guilty to the charge and received a suspended sentence. But the defendant Hudson entered a plea of not guilty and

his case went to trial. The jury returned a verdict of guilty, a judgment of conviction was entered, sentence imposed and this appeal followed.

The two assignments of error are as follows:

(1) "The court erred in permitting the conviction of defendant to be based upon statements and admissions of an accomplice not present in court and not on trial and made in defendant's absence."

(2) "The court erred in permitting the conviction of defendant to be based upon testimony alluding to other criminal offenses committed by defendant and unrelated to the instant case."

■ The first assignment of error has reference to the testimony of Herbert Leander, one of the officers who made the arrest and conducted the preliminary questioning. He testified to conflicting versions of *the story* told by defendant's accomplice, A. W. Anderson. The first sentence uttered by this witness indicated that the suspects' statements were not made in each other's presence: "I interrogated each subject separately. * * *" His second sentence beginning with the words " * * * And Mr. Anderson stated * * *" (which preceded a lengthy narrative) clearly indicated that he was about to relate certain details of statements made by the defendant's accomplice, Mr. Anderson. From the foregoing it can readily be seen that there was ample time to object to this line of testimony. Under the case of State v. Thomas, 71 Ariz. 423, 229 P.2d 246, the admission of this kind of evidence constituted error. But the record in the instant case fails to show any effort whatsoever on the part of the defense to resist its admission.

Counsel for defendant complains that *the court erred* in admitting this evidence. This charge is very well answered by McCormick on Evidence, Section 52, Objections.

"If the administration of the exclusionary rules of evidence is to be fair and workable the judge must be promptly informed by a party, who contends that evidence should be rejected, of his contention and the reason therefor. The initiative is placed on the party not on the judge. The approach, accordingly, is that a failure to object to an offer of evidence at the time the offer is made, assigning the grounds, is a waiver of any ground of complaint against its admission."

See also Allen v. State, 26 Ariz. 317, 225 P. 332; State v. Eisenstein, 72 Ariz. 320, 235 P.2d 1011; State v. Boozer, 80 Ariz. 8, 291 P.2d 786; State v. Upton, 65 Ariz. 93, 174 P.2d 622. Having failed to object to the testimony complained of, de-

fendant thereby waived his right to challenge the matter here.

Defendant's second assignment of error has reference to the testimony of police sergeant Glyn Rogers of the Casa Grande police department. In testifying to conversations had with defendant Hudson, sergeant Rogers mentioned that defendant had admitted jumping bail on a burglary charge in Ohio. This information was volunteered by the witness and was not in response to any question asked of him. There was therefore no reasonable opportunity for defendant's counsel to interpose an objection before the statement was made. Nevertheless, a motion to strike this testimony and instruct the jury to disregard it should have been made immediately thereafter. But no such motion was made. As with the first assignment of error this situation called for specific action on the part of the defense attorney. In Marinoni .v. State, 15 Ariz. 94, 136 P. 626, 628, this court said:

"It cannot be said that it was the duty of the court on its own motion to order the answer stricken, for, in the absence of any request to do so, it may be assumed that the appellant was satisfied with the answer. Anyway, appellant should have. made the competency and relevancy of the answer an issue, thereby affording the trial court an opportunity to pass upon it. In order to base error on the admission of an answer not responsive to the question put, it is necessary that a motion should be made to strike the answer. The rule is the same in criminal as in civil cases. * * * (Citing authority.)"

Again, having neglected to take the proper action, the defendant has waived his objection, and right to complain here.

The defendant raised no question as to the sufficiency of the evidence exclusive of statements of his accomplice to support the conviction; however, an examination of the transcript clearly indicates ample evidence to support the verdict and judgment.

Judgment affirmed.

STRUCKMEYER, C. J., and UDALL, JOHNSON and BERNSTEIN, JJ., concur.