396 P.2d 11

**STATE of Arizona, Appellee,**

**v.**

**James Edward CUMBO, Appellant.**

**No. 1318.**

Supreme Court of Arizona.

In Division.

Oct. 21, 1964.

**386**

Sandor O. Shuch, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., and Paul G. Rosenblatt, Asst. Atty. Gen., for appellee.

SCRUGGS, Justice.

The parties will be referred to as plaintiff and defendant as they appeared in the lower court.

James Edward Cumbo, defendant, was tried and convicted by a jury for the crime of assault with a deadly weapon in violation of A.R.S. § 13–249. A sentence of eight to ten years was imposed. Defendant appealed from the judgment and sentence.

Defendant has assigned six errors of the trial court. We will consider the first four together since they raise the same issue, to-wit: whether it was error for the trial court to allow the trial to proceed in the absence of the defendant. By the provisions of Rule 231 of Rules of Criminal Procedure, 17 A.R.S., after the entry of a plea, the defendant may voluntarily absent himself at all subsequent stages of the prosecution up to and including the rendition of the verdict.

On August 24, 1962, the defendant was present in court with his counsel, Wade Church, and at that time, in the presence of the defendant, the case was set for trial on September 24, 1962. When the case came on for trial at 9:30 a. m. September 24, 1962, the court and counsel waited for the appearance of the defendant until 10:00 a. m. At this point, counsel for the defendant stipulated that the trial could continue in the absence of the defendant. At the same time, counsel for the defendant advised the court that the defendant had been personally advised of the trial time and date and of the fact that he should be present for the trial. A jury was then empaneled and one medical witness examined. The court then recessed the trial and conducted a further inquiry in chambers as to the reason for the absence of the defendant. The court indicated a willingness to wait some more in order to give the defendant an opportunity to appear. Again, counsel for the defendant stipulated that the trial should continue in the absence of the defendant. The trial

proceeded for the remainder of the day. At no time during the day did the defendant personally appear. On the following day, before proceeding with the taking of further testimony, the court again recessed to chambers and conducted a further inquiry as to the absence of the defendant and took testimony of two witnesses concerning the acts and conduct of the defendant the preceding day at El Mirage. Again, counsel advised the court that he had again advised the defendant to be present for the proceedings on that day. This inquiry closed, counsel for the defendant again stipulated that the trial should proceed in the absence of the defendant. The trial was concluded and a verdict of guilty was returned. At no time up to the rendition of the verdict did the defendant appear.

The defendant did not raise the trial in absentia in his motion for a new trial filed in the trial court. His motion was directed to his position that a gun was improperly admitted in evidence, which is the contention he puts forth in his Assignment of Error No. 6 hereinafter discussed.

When the defendant came before the court for sentence, no attempt was made to raise any issues as to why the defendant was not present during the trial, and defendant did not urge the trial in absentia as a reason why sentence should not then be imposed.

At no time was any contention made to the trial court that the defendant had in any way been prejudiced by the trial in absentia nor was any attempt made to show that for some reason the defendant was prevented from attending his trial.

We hold that the defendant voluntarily absented himself from attendance on court throughout the trial. The court was not in error in proceeding with the trial in absentia. Hence, assignments of error numbers 1 to 4, inclusive, are without merit.

The fifth assignment of error raised by the defendant is to the effect that the trial court erred in allowing evidence of other acts of misconduct on the part of the defendant to be introduced.

Conversations between the defendant and third persons were offered and received in evidence, which conversations purported to be evidence of attempts by the defendant to persuade witnesses to give testimony which would tend to establish that the defendant had no part in the crime charged although the witnesses had no knowledge of the purported facts to which the defendant was seeking to persuade said witnesses to testify. During the course of the examination along this line of one Charlotte Gilmore, after establishing a conversation with the defendant and said witness and that it had to do with testimony given at a preliminary hearing other than the preliminary hearing in this case, and after cross-examination was concluded, the following took

**388**

place on redirect examination by the County Attorney:

"Q. Do you know what the charge was?

"A. Yes, I do.

"Q. What was it?

"A. Second degree burglary."

The identity of the defendant as the accused at the preliminary hearing about which Dorothy Gilmore was testifying, does not appear.

■ . Defendant contends that the admission in evidence of these other acts of the defendant, which acts constitute other offenses, was prejudicial to the accused receiving a fair trial. On a proper objection, such evidence is subject to exclusion unless such acts are shown to come within the exceptions to the general rule. Stated briefly, these exceptions are motive, intent, absence of mistake or accident, identity, and common scheme or plan. Such evidence must be of such a nature that it will raise a reasonable inference as to the existence of the exception in support of the charge at issue. State v. Hunt, 91 Ariz. 145, 370 P.2d 640. Facts showing consciousness of guilt, even though tending to establish the commission of another crime by the accused are admissible. State v. Loftis, 89 Ariz. 403, 363 P.2d 585; Douglass v. State, 44 Ariz. 84, 33 P.2d 985. No objection was made by the defendant to any of the testimony to

which Assignment of Error No. 5 is pointed. Neither was the introduction of such testimony urged as grounds for a new trial in the motion for a new trial filed by the defendant. Claimed error which is not supported by proper objection will not be considered on appeal. State v. Hunt, supra; State v. Loftis, supra; State v. Favors, 92 Ariz. 147, 375 P.2d 260; State v. Hudson, 87 Ariz. 162, 348 P.2d 928; State v. Lubetkin, 78 Ariz. 91, 276 P.2d 520. Assignment of Error No. 5 is without merit.

Assignment of Error No. 6 is predicated on the assumption that a gun admitted in evidence as an exhibit was not sufficiently connected with the crime and that its admission in evidence constituted error. The defendant's argument in this connection is predicated upon the fact that the victim at the trial testified that the gun did not appear to be the same gun as the one with which he was struck by the defendant. Other witnesses testified that at the time the gun was taken from the defendant by the officers, shortly after the assault occurred, the victim identified the gun as the one with which he was hit.

■ Defendant's contention goes to the weight and not to the competency, since there was clearly established a sufficient connection of the gun with the defendant and the crime charged to make the gun admissible. Morgan v. State, 28 Ariz. 363,

236 P. 1112. We therefore hold Assignment of Error No. 6 to be without merit.

Judgment of the Superior Court is affirmed.

STRUCKMEYER and BERNSTEIN, JJ., concur.