436 P.2d 482

The STATE of Arizona, Appellee,

v.

Gary Allen MAYS, Appellant.

No. 2 CA–CR 92.

Court of Appeals of Arizona.

Jan. 22, 1968.

Rehearing Denied May 27, 1968.

Review Denied June 25, 1968.

1. Appellant's lawyer in this appeal was not his lawyer in the trial court.

Darrell F. Smith, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Healy, Laubscher & Walker, by George T. Walker, Tucson, for appellant.

HATHAWAY, Chief Judge.

Gary Allen Mays has appealed from a conviction of assault with a deadly weapon and has presented for review two questions relating to the admission of testimony and evidence.

Considering the testimony most favorably in support of the State's case, we find that near midnight on the 22d of August, 1966, the complaining witness, Dawson, and five other high school students were swimming in the St. Ambrose swimming pool in Tucson. A 1966 Cadillac, the color of which is in conflict, drove near the area and circled the block several times. The swimmers departed from their swimming and drove after the Cadillac. The Cadillac stopped and the defendant, a passenger therein, got out. Dawson got out of the vehicle in which he was riding and a vulgar exchange between the two followed. The defendant exhibited a pistol which he pointed at Dawson. He subsequently kicked Dawson and beat him on the head with the pistol.

■ In his first question presented for review, the appellant asks if it is fundamental and reversible error for the prosecution to present " * * * collateral and irrelevant testimony as to another crime which is completely unconnected with the crime being charged?" The appellant contends that the prosecutor put the question to the police officer witness in the case, "and are you assigned to a particular detail?" Knowing that the answer, "burglary investigation, sir," would, in effect, connect the appellant with the crime of burglary. The evidence developed that a pistol, admitted in evidence, had been found in the trunk of a light tan-colored 1966 Cadillac, approximately two days after the alleged assault. The appellant suggests that the prosecution employed tactics calculated to bring an inference of burglary into the case for the purpose of strengthening an otherwise weak case.

The possibility that such an inference is raised by the testimony appears to us extremely remote. We are of the opinion that the appellant has not shown prejudice from this testimony which was not objected to. We are not presented here with a problem comparable to the situations existing in the case relied upon by the appellant. We find no testimony that a burglary was committed, or that really gives rise to such an inference.

**92**

In his second question presented for review the appellant complains that the trial court erred in admitting in evidence, over objection, a pistol which had not been identified as the same one used in the alleged assault. We disagree with the appellant's contention that the admission of the pistol was error.

Since the record presents a case where a pistol was both pointed at the victim and used as a weapon with which to strike him, it necessarily follows that a natural aid to the jury in factually determining whether the pistol was a deadly weapon would be the introduction in evidence for viewing by the jury of the pistol actually used by the defendant or of a pistol of similar size, weight and caliber. People v. Brown, 49 Cal.2d 577, 320 P.2d 5 (1958).

A weapon similar to that used to commit the crime may be introduced in evidence as illustrative of the weapon which the defendant used to assault his victim. Morgan v. State, 28 Ariz. 363, 236 P. 1112 (1925); State v. Schneck, 85 Kan. 334, 116 P. 823 (1911); People v. Del Vermo, 192 N.Y. 470, 85 N.E. 690 (1908). See also, People v. Sampsell, 104 Cal.App. 431, 286 P. 434, cert. denied, 281 U.S. 763, 50 S.Ct. 468, 74 L.Ed. 1172 (1930), where the court held that the introduction in evidence of the prosecuting officer's pistol, which a witness testified was similar to that used by the defendant, was not error.

In cases where a firearm was used as a bludgeon and the defendant is charged with assault with a deadly weapon, the consensus of authority is that a firearm so used is not per se a "deadly weapon." MacIllrath v. United States, 88 U.S.App. D.C. 270, 188 F.2d 1009 (1951); and see collection of cases and annotation in point, 8 A.L.R. 1319.

In the instant case the pistol introduced in evidence was identified by three eyewitnesses to the assault as being similar in size, caliber and color as that used by the defendant to assault the victim. Therefore, the pistol was properly introduced in evidence as being illustrative of the weapon used in the assault and as an aid to the jury in determining the factual question of whether such a pistol constituted a deadly weapon. Defendant's contention goes to the weight and not to the admissibility of the gun in evidence. State v. Cumbo, 96 Ariz. 385, 396 P.2d 11 (1964); Morgan v. State, supra.

Affirmed.

MOLLOY, J., and JOHN A. McGUIRE, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JOHN A. McGUIRE was called to sit in his stead and participate in the determination of this decision.