451 P.2d 312

**STATE of Arizona, Appellee,**

v.

**Emerson Lee TAYLOR, Appellant.**

**No. 1806.**

Supreme Court of Arizona.

In Banc.

March 7, 1969.

Darrell F. Smith, former Atty. Gen., Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

McGillicuddy, Johnson, Rich & Robbins, by Chris T. Johnson, Phoenix, for appellant.

HAYS, Justice.

The appellant, Emerson Lee Taylor, and a Billy Lest Woods, were charged with robbery. Thereafter a trial was had which resulted in a hung jury and a mistrial. The appellant was assigned new counsel who moved for severance. The motion for severance was denied and the case was set for trial on April 11, 1967.

On April 11, 1967, the case was called for trial, the State announced ready, defendant Woods announced ready, and appellant's counsel asked to approach the bench. The Court was informed that the appellant had not appeared and his counsel moved for a continuance. The Court ordered that the trial proceed. Thereafter the Court ordered

the issuance of a bench warrant for the appellant.

Although the record on occasion indicates "all parties present", this must be read in the light of the parties present at the commencement of the trial. The appellant was never present during the entire trial. On April 19, the appellant, having been arrested on the bench warrant, was sentenced to not less than eight nor more than ten years in the State Prison. An appeal was filed on behalf of the appellant, and after his first brief was filed, the Attorney General moved to remand the case to the Superior Court for the purpose of determining whether appellant had voluntarily absented himself from the trial. We granted this motion.

On November 29, 1967, a hearing was held before the same judge who had tried the case. Only two witnesses were called, the appellant and the former deputy county attorney who had tried the case. The appellant told a tale of being abducted and given an overdose of heroin on the day prior to the trial. Thereafter, on the day of the trial he ended up at the home of a friend but was too ill to personally contact his attorney or the Court. This story had never been told by the appellant to his attorney up to the time of the hearing; in fact, the hearing was started and then recessed while appellant and his counsel discussed the matter. The deputy county attorney's brief testimony added nothing which was not already in the record.

The learned trial judge, a man with a number of years of judicial experience, made the following finding:

"The Court: In view of the record and the testimony offered, the Court finds that the defendant was voluntarily absent from his trial, and the Court makes the observation that even in his own testimony today, he admitted under oath, that on Sunday he knew he was going to trial the next day, which would be Monday, before he allegedly took heroin. The heroin story is very dubious to the Court. It's fantastic. And what impresses the

Court, also, is that if anything like this did actually happen, he had ample opportunity at the time of sentencing, through interview with Mr. McGillicuddy, to advise him of the situation so that Mr. McGillicuddy could have offered evidence in connection with his motion for a new trial, by affidavit or otherwise, to advise the Court. The defendant admitted, if I understood his testimony, that today was the first time he had even advised Mr. McGillicuddy of any such story. The Court is thoroughly convinced that the defendant absented himself from the trial voluntarily."

The appellant has raised five questions in his brief, the first three of which pertain to the question of his absence from the trial. He contends that the trial court erred in finding that appellant was voluntarily absent; that the issue of voluntary absence should have been submitted to the jury; and that Rule 231 of the Rules of Criminal Procedure, 17 A.R.S. is in conflict with both the Arizona and U. S. Constitutions.

First, we should look at Rule 231, Rules of Criminal Procedure which reads as follows:

"A. In a prosecution for a felony the defendant shall be present:

1. At arraignment.

2. When a plea of guilty is made.

3. At the calling, examination, challenging, impaneling, and swearing of the jury.

4. At all proceedings before the court when the jury is present.

5. When evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury.

6. At a view by the jury.

7. At the rendition of the verdict.

B. If the defendant is voluntarily absent, the proceedings provided by this Rule, except those in paragraphs 1 and 2

of subsection A, may be had in his absence if the court so orders."

Some courts have regarded the defendant's presence at a felony trial as a jurisdictional requirement which cannot be waived, but from the foregoing rule (Rule 231 Crim.Rules, supra) it is obvious that the Arizona Court has not taken this position. In State v. Ransom, 62 Ariz. 1, 152 P.2d 621 (1944), we found no error in a situation where during argument the defendant with the permission of the Court absented himself from the trial to go to the toilet. Our Court in State v. Sorrell, 95 Ariz. 220 at 225, 388 P.2d 429, 432 (1964), said:

"Although proceeding with the trial when the appellant was not present was not technically correct, it does not furnish sufficient basis for reversal under these circumstances."

It must be noted that the defendant in that case was absent for not more than seven minutes.

The problem of proceeding with the trial of an absent defendant was brought to a head in this jurisdiction by the case of State v. Cumbo, 96 Ariz. 385, 396 P.2d 11 (1964). In that case the defendant failed to appear September 24, 1962, at the time the trial was set. Court and counsel waited a half hour or so, and then defendant's counsel stipulated that the trial could proceed in the absence of the defendant. A jury was selected and one medical witness was examined. The court recessed and then conducted further inquiry in chambers as to the reason for the absence of the defendant. The court indicated a willingness to wait but counsel again stipulated that the trial continue. The following day before proceeding, the court again conducted an inquiry as to the absence of the defendant. Counsel for defendant told the court that he had again advised the defendant to be present for the proceedings on that day. The trial proceeded in the absence of the defendant and a verdict of guilty was returned.

Up to the time the verdict was rendered the defendant did not appear. Thereafter on motion for new trial the issue of trial in absentia was not even raised. Our court said, "We hold that the defendant voluntarily absented himself from attendance on (sic) court throughout the trial. The court was not in error in proceeding with the trial in absentia." State v. Cumbo, 96 Ariz. 385, at 387, 396 P.2d 11 at 12.

A trial court which commences a trial in the absence of the defendant does so with the knowledge that such absence may later be shown to be involuntary. Perhaps the orderly administration of justice would be better served by requiring the presence of the defendant at the beginning of his trial. However, Rule 231, supra, which has its origin in 44–1401 A.C.A.1939, and earlier legislative enactments provides the circumstance under which a defendant may be absent from trial. A hearing has been had at the trial level, and the trier of fact determined that the defendant's absence was voluntary.

At the hearing, the appellant admitted that on the day preceding the trial he was aware that he was required to be in court for trial the next day. Once his knowledge of the trial date is shown the appellant had the burden of persuading the court that his absence was not voluntary. Obviously he failed to persuade the lower court, and we shall not presume to "second guess" the trial judge who heard the testimony, observed the demeanor of the witness, and saw the matter in the context of the surrounding circumstances. In so holding we are aware of In re Hunt, 276 F. Supp. 112 (D.C.1967).

As to appellant's second point on submitting the issue of voluntary absence to a jury, we point out that none of the authorities cited touched on this point, nor do we believe that any can be found.

There are situations in the course of a trial and preliminary proceedings where the court must make fact determinations which are not directly involved in the

question of the defendant's guilt or innocence. Obviously a jury trial is not required when a defendant moves to suppress evidence illegally obtained, or to quash a search warrant, or to secure a continuance of the trial, but each of these determinations often requires the taking of evidence. A determination of the voluntariness of a defendant's absence we hold to be in this same category.

■ On appellant's third contention that Rule 231, supra, is in conflict with both the Arizona and U. S. Constitutions, the previous position of Arizona Courts has been to the contrary. State v. Ransom, supra; State v. Sorrell, supra; State v. Cumbo, supra; State v. Kelly, 5 Ariz.App. 280, 425 P.2d 850 (1967).

Appellant next raises the question of whether it was error to deny his motion to sever and then to permit the prosecution to use the confession of the co-defendant with a reference to "another Negro male". It is contended that although the appellant is neither named nor described in the co-defendant's confession, the jury will immediately conclude that he is the person alluded to.

We are here confronted with the question of whether or not this extra-judicial confession of Woods implicated appellant and violated his right to cross-examine. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

The case of Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968), made the Bruton case, supra, retroactive.

At the voluntariness hearing on Woods' confession, conducted in chambers, the trial court instructed the deputy county attorney to have the witness leave out all reference to Taylor, the appellant, by name.

■ However, one reaches the conclusion that even though reference was made to "another Negro male", the jury read into those words the name of appellant. This matter was tried before Bruton v. United States supra, was decided and the trial court had no forewarning that Delli Paoli v. United States, 352 U.S. 232, 77 S. Ct. 294, 1 L.Ed.2d 278 (1957), would no longer be the law.

For these reasons we hold that a new trial must be granted.

The final point raised by appellant will not come up on a retrial of this case, therefore we shall not discuss it.

Reversed and remanded.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER, and McFAR-LAND, JJ., concur.