488 P.2d 973

**STATE of Arizona, Appellee,**

v.

**Anthony Louis TACON, Appellant.**

**No. 2163.**

Supreme Court of Arizona,
In Division.

Sept. 23, 1971.

Rehearing Denied Oct. 27, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, former Asst. Atty. Gen., Paul Prato, Asst. Atty. Gen., Phoenix, for appellee.

Robert J. Hirsh, Tucson, for appellant.

UDALL, Justice:

Defendant, Anthony Louis Tacon, was found guilty by a jury of the unlawful sale of marijuana and was sentenced to a term of from 5 to 5½ years in prison. He appeals from the conviction and sentence. For the reasons advanced below, the judgment of the trial court is affirmed.

Defendant was arrested and charged with the unlawful sale of marijuana on February 24, 1969, at which time he was in the U.S. Army and was stationed at Fort Huachuca. Trial was set for April 22, 1969, but was continued at the request of the defendant and was not actually held until almost a year later, on March 31 and April 1, 1970. For reasons discussed in greater detail hereafter, defendant was not present at the time set for trial and the trial was conducted in his absence. We shall consider defendant's arguments in the order presented.

## I. WAIVER OF RIGHT TO BE PRESENT

Tacon argues that the evidence in the record is insufficient to show that his absence from the trial was voluntary and that he, therefore, cannot be said to have made a knowing and intelligent waiver of his right to confrontation and to be present at the trial of his case.

The United States Supreme Court has held that a defendant may, by consent or misconduct, give up the right to be present at his trial. Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct.

330, 78 L.Ed. 674 (1934); Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912).

Rule 43 of the Federal Rules of Criminal Procedure provides that in prosecutions for offenses not punishable by death, the defendant's voluntary absence, after the trial has been commenced in his presence, shall not prevent continuance of the trial, to and including the return of the verdict.

Rule 231 of our Rules of Criminal Procedure, 17 A.R.S., provides as follows:

"Rule 231. *Proceedings at which presence of defendant required in felony prosecution; exception*

A. In a prosecution for a felony the defendant shall be present:

1. At arraignment.

2. When a plea of guilty is made.

3. At the calling, examination, challenging, impaneling and swearing of the jury.

4. At all proceedings before the court when the jury is present.

5. When evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury.

6. At a view by the jury.

7. At the rendition of the verdict.

B. *If the defendant is voluntarily absent, the proceedings provided by this Rule, except those in paragraphs 1 and 2 of subsection A, may be had in his absence if the court so orders.*" (Emphasis added.)

Under Rule 231, then, a trial may be conducted in the defendant's absence if his absence is voluntary. In order for a defendant to make a knowing and intelligent waiver of his right to be present at the trial, he must be aware that the trial will proceed without him if he fails to appear. State of Arizona v. Hunt, 408 F. 2d 1086 (6th Cir. 1969); State v. Taylor, 104 Ariz. 264, 451 P.2d 312 (1969).

In the instant case, trial was originally set for April 22, 1969, but was continued at the request of the defendant and was not actually held until almost a year later, on March 31 and April 1, 1970. Defendant in the interim had been discharged from the U.S. Army in December, 1969. After leaving a forwarding address with his attorney, James D. Whitney, Tacon returned to New York City. On March 2, 1970, the trial court set March 31, 1970, as the date on which Tacon's trial was to begin. On March 3rd, Tacon's attorney sent a letter to Tacon advising him that his trial had been set for March 31st and that it would probably not be postponed under any circumstances. Whitney asked Tacon to answer the letter as soon as possible and to plan on being back in Arizona at least one week prior to trial so that the case could be properly prepared. When he received no word from Tacon, the attorney sent a second letter on March 18th. Still no reply was forthcoming, so the attorney sent a telegram on March 24th, stating that the judge would proceed with the trial on March 31st whether Tacon was present or not, and asking Tacon to contact him immediately.

On the morning of March 30th, the attorney received a phone call from Tacon. He did not say where he was calling from. Whitney told Tacon that the court would proceed with the trial whether or not Tacon appeared. Tacon replied he would attempt to make it but was short of funds and did not have sufficient money for transportation.

The next day, March 31, was the date set for trial. The trial judge met with counsel in chambers for a hearing as to defendant's absence. He reviewed the posture of the case and questioned defense counsel as to attempts made to contact Tacon. He then pointed out that the county had been put to considerable expense in bringing a witness for the state, along with two Federal marshalls, from the Federal reformatory at El Reno, Oklahoma, where the witness was incarcerated. At the con-

clusion of the hearing the trial court asked Tacon's attorney to check which his office and around the courthouse to see whether the defendant had perhaps arrived. A few minutes later Whitney reported back that Tacon was not present and no word had been received from him. The trial court ordered the matter to proceed to trial in the absence of the defendant.

Sometime during the first day of trial the defendant's mother, who lived in Miami, Florida, called Whitney's office and indicated that she had been unable to contact the defendant but that she would attempt to do so and would call back later that night. She never called back, but early the following morning an attorney in Miami called Whitney's office and indicated that the defendant could be present the next morning (April 2nd). Whitney attempted to return the call but the Miami lawyer was out of his office.

Later that same morning (April 1st, the second day of trial), the court met in chambers with counsel and Tacon's attorney reported the above developments and made a motion for a continuance of one day so that Tacon could be present to testify. The court denied the motion, stating that the defendant had been given more than sufficient time to inform the court of his ability or inability to be present and that under the circumstances Tacon's absence must be considered to be voluntary. Trial then was resumed before the jury and concluded the same day.

Defendant Tacon arrived in Arizona late in the evening of the next day, April 2nd, and he contacted Whitney the following morning. Together they went to the authorities on April 3rd and Tacon turned himself in.

On May 4, 1970, a hearing was held at which defendant Tacon testified as to why he had failed to be present for his trial. He stated that on March 6th or 7th he received the letter from his attorney, dated March 3rd, informing him of the date of trial and of the need to be present. He said that he did not receive the letter sent by his attorney on March 18th until a day

or so before he left for Arizona, and that the delay was apparently caused by the mail strike in New York City. He said he never received the telegram sent by his attorney on March 24th; the county attorney verified this statement by obtaining a confirmation from Western Union that its New York office had never received the telegram.

From the above it is apparent that Tacon received only one item of correspondence informing him of the trial date—the letter sent by his attorney on March 3rd. However, he testified that from that letter he understood that the trial was set for March 31st, and that the trial would proceed without him if he failed to appear. He stated that at the time he received the letter from his attorney he was without funds and had no means of financing a trip to Arizona for the trial. Under these circumstances, he felt that it would do little good to call his attorney since he would not be able to make it to the trial anyway. He said he could have asked for assistance from his family in Miami but that he had never told them about his getting in trouble and did not want to do so because of the embarrassment it would cause them. His mother had learned of his situation only because a third party had informed her of it. Tacon concluded his testimony by stating that it was his intention to get to the trial but that he just could not get the money together soon enough. At the conclusion of the hearing, the judge told the defendant that he was not impressed by Tacon's expressed intentions, that he could not believe them, and that he did not see any justification or excuse for Tacon's conduct.

█ Once a defendant's knowledge of the trial date is shown, the defendant has the burden of persuading the court that his absence was not voluntary. State v. Taylor, supra, 104 Ariz. 264 at 266, 451 P.2d 312 at 314. From the foregoing, it is obvious that Tacon failed to persuade the trial court; and we shall not presume to "second guess" the trial judge since he heard the testimony, observed the demean-

or of the witness, and saw the matter in the context of the surrounding circumstances.

■ The defendant's own testimony clearly shows he was aware that the trial was set for March 31st and that the trial would proceed without him if he failed to appear. The trial court was of the opinion that Tacon's absence was voluntary and there is substantial evidence in the record to support that opinion. Under these circumstances, we hold that Tacon's absence from his trial constituted a knowing and intelligent waiver of his right to be present at the trial and that the trial court, therefore, did not err in proceeding with the trial in his absence.

## II. DENIAL OF MOTION FOR CONTINUANCE

■ Defendant argues that the trial judge abused his discretion when he denied defense counsel's motion for a continuance of one day so as to enable the defendant to be present and to testify in his own behalf.

As noted earlier in this opinion, the trial court met with counsel in chambers on the morning of the second day of trial (April 1st), to determine whether any word had been received from Tacon which would change the complexion of the case. Tacon's attorney mentioned the calls he had received from Tacon's mother and from the attorney in Miami indicating that Tacon could be present the next morning (April 2nd). He made a motion for a continuance of one day so that Tacon could be present to testify. The trial judge denied the motion for continuance, indicating some doubt as to whether Tacon would actually appear; stating that the defendant had been given more than sufficient time to inform the court of his ability or inability to be present and that, under the cir-

cumstances, Tacon's absence must be considered to be voluntary. Trial was then resumed before the jury and was concluded the same day.

The grant or denial of a continuance is a matter of discretion with the trial court, and an appellate court will not interfere with the action of the trial court unless an abuse of discretion is clearly shown. State v. George, 100 Ariz. 350, 414 P.2d 730 (1966); State v. Reyes, 99 Ariz. 257, 408 P.2d 400 (1965). In the instant case the defendant has failed to show an abuse of discretion by the trial court.

At the time the motion for continuance was made, the trial judge had to exercise his judgment, based on the information available to him at that time, as to the probability that Tacon would actually be present the next morning. The trial judge denied the motion and the developments thereafter show that he exercised sound judgment in so ruling on the motion.

We accordingly hold that the trial judge did not abuse his discretion when he denied the motion for continuance.

## III. EVIDENCE OF OTHER CRIMES

Defendant argues that the trial court erred in allowing the state to present evidence of several other crimes allegedly committed by the defendant which defendant asserts are unrelated to the offense for which he was then being tried. Specifically, the defendant objects to the admission into evidence of certain portions of the signed confession which he gave the police [1] and of certain portions of the testimony of Michael Kleweno, a witness for the state, who testified that defendant Tacon sold him two "lids" of marijuana on February 1, 1969.

■ The evidence indicates that Tacon purchased a "brick" of marijuana on or

---

[1]. Prior to the admission of any testimony regarding Tacon's confession, the trial court held a voluntariness hearing out of the presence of the jury, at the conclusion of which the court made a finding that the defendant had been properly informed of his rights and that his confession was freely and voluntarily made. Testimony was then given before the jury by the police officer who received the confession as to the circumstances under which it was given, and the signed statement was read to the jury.

**358**

about January 31, 1969, took it to his home where he cut it up into 16 "lids", and then sold it to several different buyers on February 1 and 2, 1969. Tacon objects to all references made to transactions in marijuana other than those relating strictly to the sale of the two "lids" of marijuana to Kleweno on February 1, 1969. He contends that the other references are totally extraneous and immaterial to the offense with which he was charged. We cannot agree. We have consistently held that it is proper to admit evidence of recent acts or crimes of the accused committed by the same means or in a similar manner before or after the commission of the crime charged, and such are provable for the purpose of showing motive, intent, absence of mistake or accident, identity, or a common scheme or plan. State v. Turner, 104 Ariz. 469, 455 P.2d 443 (1969); State v. Finley, 85 Ariz. 327, 338 P.2d 790 (1959); State v. Byrd, 62 Ariz. 24, 152 P.2d 669 (1944). Also, evidence of other criminal acts is admissible when so blended or connected with the crime of which defendant is accused that proof of one incidentally involves the other or explains the circumstances of the crime. State v. Mahoney, 106 Ariz. 297, 475 P.2d 479 (1970); State v. Villavicencio, 95 Ariz. 199, 388 P.2d 245 (1964).

In the instant case, the evidence complained of by defendant tends to show the intent of the defendant to purchase a quantity of marijuana, cut it up into smaller quantities, and sell it to other persons. The evidence, therefore, tends to show a common scheme or plan and is so blended with the crime of which defendant was accused that proof of one incidentally involves the other or explains the circumstances of the crime. Under these circumstances, we hold that the trial court was eminently correct in admitting it into evidence.

For the reasons advanced above, the judgment of the trial court is affirmed.

STRUCKMEYER, C. J., and LOCKWOOD, J., concur.