Nathaniel K. CAMPBELL, Appellant,

v.

UNITED STATES, Appellee.

No. 6281.

District of Columbia Court of Appeals.

Argued June 6, 1972.

Decided July 26, 1972.

Rehearing Denied Sept. 18, 1972.

Joan M. McIntyre, appointed by this court, for appellant.

James A. Fitzgerald, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and John H. Bayly, Asst. U. S. Attys., were on the brief, for appellee.

Before KERN, NEBEKER and REILLY, Associate Judges.

NEBEKER, Associate Judge.

This appeal from a conviction of possessing heroin[1] presents the question whether a jury trial was commenced under Superior Court Criminal Rule 43 with a hearing on an oral motion to suppress held just before jury impanelling. When, on the appointed day, the case was assigned for trial, counsel for the Government stated he intended to use a confession. Before jury impanelling began a *Miranda*[2] hearing was requested by defense counsel who was earlier unaware of the confession and its possible use.[3] The hearing was held and

the court ruled the confession to be admissible. At this point the noon hour had arrived and because no jury panel was then available the trial judge recessed until 1:30 p.m. At that time the accused failed to appear. Over objection of his counsel, a jury was impanelled and the trial proceeded to verdict in his absence. The trial judge agreed to withhold issuance of an attachment to permit counsel to investigate and locate her client. The following day, the accused appeared with his counsel and told the court that he became frightened at the prospect of conviction after his confession was held admissible and that he went home.

The trial judge took the view that "[t]he case ha[d] started" with the pretrial hearing and therefore it was permissible to continue with the trial even though the accused had failed to return after the noon recess. The Government adopts that view in this court and takes the position that the accused voluntarily absented himself after the trial had commenced within the meaning of the second sentence of Superior Court Criminal Rule 43.[4] Whatever may be said of the question whether the trial judge could have concluded at the trial that the absence was voluntary, this court is constrained to agree with the accused that the trial had not begun during the morning motion session.

■ The first sentence of Superior Court Criminal Rule 43, which for purposes here is identical to Federal Rule of Criminal Procedure 43,[5] states:

"The defendant shall be present at the arraignment, *at every stage of the trial including the impanelling of the jury and the return of the verdict,* and at the im-

---

1. D.C.Code 1967, § 33–402.

2. Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966).

3. *See* Super.Ct.Crim.R. 12(b)(3).

4. That sentence reads:
   "In prosecutions for offenses not punishable by death, the defendant's volun-

tary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict."

5. The phrase, "except as otherwise provided by these rules", at the end of the first sentence of Federal Rule of Criminal Procedure 43, has been deleted from Superior Court Criminal Rule 43.

position of sentence." [Emphasis supplied.]

It is quite clear that this provision, taken in substance from Diaz v. United States, 223 U.S. 442, 455, 32 S.Ct. 250, 56 L.Ed. 500 (1912), had its genesis in language from Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884), and Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892). The Notes of the Advisory Committee on Rules so state.[6] In Hopt v. Utah, *supra*, the Supreme Court said of the trial that it "commences at least from the time when the work of impaneling the jury begins." Id., 110 U.S. at 578, 4 S.Ct. at 204. It has recently been said of the first sentence of Federal Rule of Criminal Procedure 43:

> "Rule 43 provides generally that the accused *shall* be present at arraignment, at every stage of the trial—*which includes impaneling of the jury through reception of the verdict*—and at imposition of sentence. . . ." 8A J. Moore, Federal Practice ¶ 43.02[2] (2d ed. 1971). [Emphasis supplied; footnotes omitted.]

Thus, it is clear that in Federal Rule of Criminal Procedure 43 the phrase, "including the impaneling of the jury and the return of the verdict," is descriptive of what the rule means by "trial".[7] It is mandatory that the accused be present at that beginning stage of the trial. Thereafter, he may voluntarily absent himself and the trial may continue as permitted by the second sentence of Rule 43.[8]

This construction of Rule 43 is consistent with Brown v. United States, D.C. App., 289 A.2d 891 (1972), wherein this court recognized the effect of D.C.Code 1967, § 23–104(a)(2) (Supp. V, 1972), and Superior Court Criminal Rule 12(b)(3), which established the Government's right of appeal from the granting of pretrial motions to suppress. *See also* Jones v. United States, D.C.App., 282 A.2d 561, 562 (1971); Bailey v. United States, D.C.App., 279 A.2d 508, 509 n. 2 (1971). If the hearing on the admissibility of the confession had resulted unfavorably to the United States, it could have appealed and jeopardy would not be deemed to have attached.[9] *See* D.C.Code 1967, § 23–104(a)(1) (Supp. V, 1972). It would be logically inconsistent to hold, as the Government now urges, that when it prevails at such a hearing held immediately before jury selection, the trial has begun for Rule 43 purposes. It is impossible to view the trial to have begun at that point in the proceedings if the motion to suppress fails and not to have commenced then if the motion is granted.

This conclusion is not in conflict with our recent decision in United States v. Dockery, D.C.App., 294 A.2d 158 (decided June 23, 1972). There we viewed the term "trial", as used in the so-called Jencks Act, 18 U.S.C. § 3500 (1970), to encompass testimony given at pretrial hearings on motions to suppress, thus requiring disclosure in advance of cross-examination of any prior *ex parte* statements made to the police or other prosecution officials by a Government witness. Our holding was

---

6. 18 U.S.C. (Appendix) at 4514 (1970).

7. It is noted that the Supreme Court in Hopt v. Utah, 110 U.S. 574, 578, 4 S.Ct. 202, 28 L.Ed. 262 (1884), said that the trial commences "at least" when jury impanelling begins. However, Federal Rule of Criminal Procedure 43 has not left the definition of trial so fluid. That rule sets forth what is the beginning and the end of the trial process.

8. We do not mean to imply that the trial court is helpless when a defendant does not appear at the beginning of the trial as directed. The proper exercise of its con-

tempt power, after appropriate factual inquiry, appears in light of Rule 43 to be a prescribed method of punishing a defendant who fails to appear for trial. *See* 18 U.S.C. § 402 (1970); D.C.Code 1967, §§ 11–944, 23–1330 (Supp V, 1972). In addition, one who willfully fails to appear as required is subject to prosecution under D.C.Code 1967, § 23–1327 (Supp V, 1972).

9. *See* United States v. Foster, D.C.App., 226 A.2d 164, 166 (1967) (jury case). *See also* Clawans v. Rives, 70 App.D.C. 107, 104 F.2d 240 (1939) (nonjury case).

based on legislative history revealing an intent on the part of Congress to permit, within limits, cross-examination of a witness who *"has himself testified . . . in open court"*.[10] (Emphasis in original.) Expressed differently, we construed "trial" for that purpose to mean trial of fact issues. It is beyond doubt that factual issues respecting an arrest, search and seizure, or a confession are finally determined—with rare exceptions—at pretrial hearings. Jenkins v. United States, D.C.App., 284 A.2d 460 (1971). No such considerations are present with respect to the breadth of the meaning of the word "trial" in Rule 43.

We think it important to observe that this decision does not relate to the right to be present at a testimonial hearing on a motion to suppress. United States v. Dalli, 424 F.2d 45, 48 (2d Cir. 1970). Moreover, we do not decide the question whether under Rule 43 a pretrial hearing on a motion to suppress is part of the trial when at such hearing it is understood that the accused waives a jury trial and agrees that the hearing testimony be deemed received at the trial on the issue of guilt. *Cf.* United States v. Lopez, 328 F.Supp. 1077, 1088 (E.D.N.Y.1971).

█ There remains the question whether Superior Court rules are to be interpreted in light of the federal rules when they are literally or substantially identical. D.C.Code 1967, § 11–946 (Supp. V, 1972), provides that the business of the Superior Court shall be conducted according to applicable federal rules unless modifications thereof are approved by the court. *See also* D.C.Code 1967, § 16–701 (Supp. V, 1972). As such, we conclude they must be construed in light of the meaning of the corresponding federal rule. Therefore, as with the federal rules, the Superior Court's rules at least when they are substantially

identical to federal rules, have the force and effect of law.

The judgment of conviction is reversed and the case remanded for a new trial.

So ordered.

### ON APPELLEE'S PETITION FOR REHEARING

Before REILLY,* Chief Judge, and KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge.

In its petition for rehearing, the United States has invited to the attention of this court for the first time two recent decisions which it contends are authorities contrary to our holding. Those cases are State v. Tacon, 107 Ariz. 353, 488 P.2d 973 (1971), cert. granted, 407 U.S. 909, 92 S. Ct. 2446, 32 L.Ed.2d 682 (1972); and United States v. Tortora, 464 F.2d 1202 (2d Cir., decided July 24, 1972). In Judge Lumbard's opinion in *Tortora*, at 1208 he observes:

"Although to date, with the exception of the courts of one state, see State v. Tacon, 107 Ariz. 353, 488 P.2d 973 (1971), cert. granted, 407 U.S. 909, 92 S.Ct. 2446, 32 L.Ed.2d 682 (1972), waiver has been found only if the defendant was present at least as late in the proceedings as the empanelment of the jury, we see no reason for a different result when the defendant absents himself, under the specific circumstances outlined herein, before the jury has been selected."

On the specific facts in the *Tortora* case, the court held that "a defendant may waive his right to insist that his trial begin only in his presence." *Id.* at 1208. To this extent then, it is important to observe that the Second Circuit is in agreement with

---

10. United States v. Dockery, D.C.App., 294 A.2d 158, at 161 (decided June 23, 1972) (quoting from S.Rep.No.981, 85th Cong., 1st Sess., 1957 U.S.Cong. and Adm.News p. 1863).

* Designated Chief Judge on July 24, 1972, pursuant to D.C.Code 1967, § 11–1503 (Supp. V, 1972).

our holding herein that under Rule 43 a trial begins with the empanelment of the jury.

In *Tortora*, Judge Lumbard was careful to observe that the constitutional right to be present at one's trial can be waived only if such waiver is both knowing and voluntary. In that context he was correctly concerned whether the defendant had been given adequate notice of the trial date in advance. After concluding that the absence of the defendant was a product of a voluntary and knowing waiver, that court stated:

> "We do not here lay down a general rule that, in every case in which the defendant is voluntarily absent at the empanelment of the jury and the taking of evidence, the trial judge should proceed with the trial. We only hold that this is within the discretion of the trial judge, to be utilized only in circumstances as extraordinary as those before us. . . . " [Id. at 1210.]

The factors taken into consideration in the exercise of this discretion are enumerated in the opinion. They include the fact that it was a multiple-defendant, multiple-count, multiple-counsel prosecution in which a government witness had at an earlier time been threatened. In view of those circumstances, it was concluded that the trial judge did not abuse his discretion in electing to proceed in the absence of a defendant who had earlier evinced a clear understanding that his trial was to commence on the appointed date and hour.[1]

Unlike the trial judge in *Tortora*, the trial judge in the instant case did not purport to exercise discretion when he decided to proceed in the absence of the accused. Indeed, as we have already observed, the trial judge took the position that the trial had already commenced. That legal conclusion we hold to be in error. As observed, the *Tortora* opinion is in agreement with our interpretation of Rule 43 and our holding.

■ In order to more appropriately act on the Government's petition for rehearing, and in view of the recentness of the two cases now brought to our attention,[2] we will assume for the sake of this petition that the decision to proceed with trial was an exercise of discretion made after a determination that the accused knowingly and voluntarily waived his right to be present initially. On this assumption, and following the criteria and standard mentioned by Judge Lumbard, we are convinced that on these facts it would have been an abuse of discretion to proceed without the accused. Unlike *Tortora*, this case began with a single-count information charging possession of heroin. It took less than two months for the case to reach trial, and the trial, including the *Miranda* hearing, took less than a day. Aside from the chemist, the only witnesses were two arresting officers. In short, no extraordinary circumstances such as found in

1. In State v. Tacon, 107 Ariz. 353, 488 P.2d 973 (1971), cert. granted, 407 U.S. 909, 92 S.Ct. 2446, 32 L.Ed.2d 682 (1972), the accused, a serviceman who was not an Arizona resident, had been released on bail and had returned to his distant home. He tried to return for trial but claimed he ran out of money. The trial court disbelieved this and found the absence to be a valid waiver. The Arizona court treated the question as a factual one and refused to upset the trial judge's finding. The Arizona court did not consider the element of discretion.

   It might be argued that the trial judge here may be deemed to have found that Campbell's absence was a valid one. No such finding appears to have been specifically made, but Campbell was permitted to explain that he became frightened and went home. We will assume Campbell's absence was found to be a knowing and intelligent waiver of the right to be present.

2. United States v. Tortora, 464 F.2d 1202 (2d Cir., decided July 24, 1972), was issued two days before our opinion herein. The grant of certiorari in State v. Tacon, *supra* note 1, was six days after argument in this case.

*Tortora* are present here. We agree with the opinion by Judge Lumbard that the judgment to proceed with jury selection without the accused should be undertaken "only when the public interest clearly outweighs that of the voluntarily absent defendant."[3] *Id.* at 1210. It might even be observed that more time and resources have been expended in litigating this issue than would have been spent had the case been put over to another day and a backup case called in its place. To be sure, there may be complex and difficult cases where, on facts like these, it would not be inappropriate to proceed without an accused being present, but this case cannot be viewed as one of them.

The petition for rehearing is

Denied.

3. We add that the public interest is not limited merely to "keeping the trial calendar moving."