520 P.2d 1118

**STATE of Arizona, Appellee,**

v.

**George Abbott HOLMES, Appellant.**

**No. 2556.**

Supreme Court of Arizona,
In Division.

April 9, 1974.
Rehearing Denied May 14, 1974.

Gary K. Nelson, Atty. Gen., by Peter Van Orman and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Paul G. Rosenblatt and Stan A. Lehman, Prescott, for appellant.

STRUCKMEYER, Justice.

The appellant, George Abbott Holmes, was convicted of child molesting with a prior felony conviction, a violation of A. R.S. §§ 13–653 and 13–1649, and appeals.

He first urges that he was prejudiced with the jury by reason of a newspaper story coming at the conclusion of the State's case, which six out of twelve jurors read. This newspaper story was on the front page of the local newspaper. It was headed, "Two Trials Begin with Full Juries." That portion devoted to appellant's trial was one column wide and about three column inches long.

The article recited that appellant's trial for child molesting had started and that certain witnesses had testified. It also recited that the trial was being conducted in the courtroom before Yavapai County Superior Court Judge Jack Ogg and that appellant was being held in the county jail in lieu of $75,000 bond; that he came to Prescott February, 1971 after being released from a California prison where he had been serving a five-year to life sentence for second degree murder. No purported facts concerning the event for which appellant was being tried were reported in the article.

Appellant did not move for a mistrial, but continued with the trial because, as he says, he felt that since he was on parole he would have to have an acquittal in order to avoid a parole revocation. Appellant took the witness stand and testified on his own behalf and acknowledged that he had suffered two prior felony convictions. He does not assert that he was compelled to take the stand because of the claimed prejudicial publicity.

We do not believe the newspaper article was inflammatory. It only recited a few of the facts surrounding the case, all of which the jury was made aware of before the trial was concluded, except possibly that appellant was held on a $75,000 bond. We do not consider that this publicity prejudiced appellant at his trial. Accordingly, we do not agree that he failed to receive a fair trial.

The appellant next urges that he was prejudiced by misconduct of the county attorney during the course of the trial. This misconduct consisted of certain questions propounded to appellant on cross-examination, viz.:

"Q. George, today, right now is the first time you have ever told any law enforcement officer or the county attorney's office what happened, isn't it?

A. Yes.

Q. You didn't testify at the preliminary hearing, did you?

Counsel for Defendant: Objection * * *.

The County Attorney: Your honor, the state's position is it defies reason for the defendant to wait until the last moment, the last hour, the last minute of the jury

**496**

trial in order to offer an explanation as to what happened."

Thereafter, the court sustained the objection to the question. It is argued that the county attorney raised a prejudicial inference of guilt by his question and statement made in the presence of the jury.

We think under different circumstances this would be reversible error. In State v. Garaygordobil, 89 Ariz. 161, 359 P.2d 753 (1961), a somewhat similar question was asked, but there the court required the witness to answer the question. We held that a defendant's failure to take the stand in his preliminary examination was in no way an admission of guilt, and that "it was clearly error for the trial court to permit such prejudicial statements." In State v. Anderson, 110 Ariz. 238, 517 P.2d 508 (1973), we held that it was fundamental error to ask a similar question and thereafter comment to the jury in argument on the fact that defendant had not previously told anyone what had happened.

In the instant case, the cumulative effect of the prosecutor's leading question together with his statement to the jury is obvious, even though the court sustained the objection to the question. However, the matter was not pursued in argument to the jury and defendant made no further effort to cure the prejudice. We think it clearly incumbent upon a defendant if he was not satisfied with what had occurred to either request the trial judge to order the question and argument of the prosecuting attorney stricken and admonish the jury to disregard the implication arising therefrom, or to ask for a mistrial. State v. Hudson, 87 Ariz. 162, 348 P.2d 928 (1960). Having neglected to take the proper action, the defendant has waived his right to complain on appeal. State v. Miller, 71 Ariz. 140, 224 P.2d 205 (1950).

Appellant complains of certain portions of the argument of the prosecuting attorney in which in substance he referred to appellant as a sexual deviate. While appellant did object to some portions of the prosecutor's argument, he did not object to those portions of the argument to which he now complains. It is a well settled principle of law that it is the duty of the defendant to voice his objection to arguments that are objectionable and the failure to do so constitutes a waiver of any right to review. State v. Maloney, 105 Ariz. 348, 464 P.2d 793 (1970).

Finally, the appellant complains of the denial of his motion for a directed verdict and a new trial, asserting that while it is not necessary in Arizona that the complaining witness' testimony be corroborated in the offense of child molesting, it is necessary that where a conviction is founded on the testimony of the complaining witness alone that the testimony must be reasonable, consistent and not inherently improper. Appellant argues that here the testimony was inconsistent and unreasonable.

We have examined the testimony introduced in the trial and are of the opinion that the asserted inconsistencies and asserted contradictory statements can be reconciled. Under such a state of the record, it is the proper function of a jury to make the determination as to whether the prosecuting witness' story was inherently improbable.

Judgment affirmed.

HAYS, C. J., and HOLOHAN, J., concur.