555 P.2d 118

**STATE of Arizona, Appellee,**

v.

**Edward Perkins SCOTT, Appellant.**

**No. 1 CA–CR 1544.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 29, 1976.

Rehearing Denied Sept. 23, 1976.

Petition for Review Denied Oct. 13, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Georgia Butcher Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

George Sun Lim, Tempe, for appellant.

## OPINION

JACOBSON, Presiding Judge.

After a trial by jury, appellant was found guilty of robbery and sentenced to not less than ten nor more than fifteen years in the Arizona State Prison. On appeal, he raises the single issue of whether it was impermissible for the prosecutor to elicit testimony from a police officer that appellant did not tell his explanation of the incident to the police officer at the time of his arrest, after *Miranda* warnings had been given.

The alleged victim, Mr. Jack, claimed that appellant and his codefendant attacked him and took his watch. Appellant testified that he had been drinking with Jack that afternoon. Appellant admitted fighting with Jack but denied stealing his watch. At trial, he claimed that Jack give him the watch as security for a loan and that Jack used the loan proceeds to purchase alcoholic beverages. During the cross-examination of appellant, the following colloquy occurred:

Q [THE PROSECUTOR] Did you ever tell the policeman you had been in a fight with Mr. Billie Jack?

A No, sir; I don't recall; I don't recall; I can't recall.

Q Did you ever tell him that you pawned the watch?

A What's that?

Q Did you ever tell him you loaned him money for the watch?

MR. LIM: [Appellant's counsel] Your Honor, I object. May we approach the bench?

THE WITNESS: I can't remember.

(Thereupon, the following discussion was held at the Bench out of the hearing of the jury):

MR. LIM: If it please the Court, unless counsel is prepared to show that he did, in fact, make statements to the police, I would move for a mistrial. In asking questions of this type he's usurping the

Defendant's right to silence which he has in refusing to answer any questions of the police if he's so inclined. So, unless, he did, in fact, make statements to the police, this Cross Examination in this fashion is highly detrimental to the Defendant.

The trial court did not grant appellant's motion for a mistrial.

No evidence regarding any statements by appellant was presented during the State's case in chief. However, on rebuttal, the police officer testified as follows:

Q [THE PROSECUTOR] And at that time, did Mr. Scott say anything to you concerning that watch?

A He said it was his.

Q Had you asked him a question at that time concerning the watch?

A No; I had not.

Q He just volunteered the statement?

A Yes; he did.

No other evidence was offered regarding appellant's statements.

The issue of whether appellant's pretrial silence can ever be introduced for impeachment purposes has sparked lively discussion in both Arizona and the Federal courts. See *State v. Shing*, 109 Ariz. 361, 509 P.2d 698 (1973) (Judge Jacobson specially concurring); *State v. Greer*, 17 Ariz.App. 162, 496 P.2d 152 (1972) (Judge Haire dissenting); *United States v. Ramirez*, 441 F.2d 950 (5th Cir. 1971), *cert. denied* 404 U.S. 869, 92 S.Ct. 91, 30 L.Ed.2d 113.

This issue has now been conclusively decided in *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). In *Doyle*, the United States Supreme Court stated:

Moreover, while it is true that the *Miranda* warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings. In such circumstances, it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial. At 618, 96 S.Ct. at 2245.

We do not decide whether statements made after *Miranda* warnings may be used to impeach a testifying defendant whose trial explanation differs from those prior statements, since in this case such impeachment was not attempted. We do hold that the reference to appellant's pretrial silence was error. *Doyle v. Ohio, supra.*

Accordingly, we turned to the State's main argument on appeal that the error created by the police officer's testimony was harmless. In light of the facts of this case, we disagree with the State's contention.

Appellant admitted fighting with Jack but denied stealing his watch and socks. Although the watch and an extra pair of socks were found in appellant's possession, he contended that Jack gave him the watch as security for a loan. He further testified that the socks were his own and he had borrowed an extra pair from his co-defendant because his own socks had gotten wet.

The other physical evidence does not conflict with appellant's story. Because he admitted that he fought with Jack, Jack's appearance and the condition of his clothing do not discredit appellant's story. Further, the tracks leaving the scene of the incident are not persuasive because appellant admitted being at the scene. The fact that appellant carried a pocket knife which Jack testified as being used in the robbery is not particularly persuasive because Jack could have known about the knife from other sources. Therefore, we feel that the jury's decision was based primarily on whether they believed Jack's version of the incident or appellant's and his co-defendant's version.

■ Preliminarily, we distinguish the cases cited by the State because in each of those cases there was persuasive evidence that appellant committed the crime other than the victim's testimony. *Shing, supra*

(defendant found with 2,600 pounds of marijuana); *State v. Anderson,* 110 Ariz. 238, 517 P.2d 508 (1974) (in burglary case, defendant admitted breaking into the house and selling the stolen property to a pawnbroker). Further, because appellant requested a mistrial, this case is distinguishable from *State v. Holmes,* 110 Ariz. 494, 520 P.2d 1118 (1974). Finally, although the prosecutor's failure to comment on appellant's silence is a factor in the determination of harmless error, this factor alone is not conclusive. *State v. Greer,* 17 Ariz. App. 162, 496 P.2d 152 (1972).

In this case, we feel the jury's determination was based primarily on appellant's credibility. In such cases, the defendant's silence has a significant potential for prejudice. In *United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975), the court stated:

> Not only is evidence of silence at the time of arrest generally not very probative of a defendant's credibility, but it also has a significant potential for prejudice. The danger is that the jury is likely to assign much more weight to the defendant's previous silence than is warranted. And permitting the defendant to explain the reasons for his silence is unlikely to overcome the strong negative inference that the jury is likely to draw from the fact that the defendant remained silent at the time of his arrest. 422 U.S. at 180, 95 S.Ct. at 2138, 45 L.Ed.2d at 107.

In this case, where appellant's credibility is the crux of the case, we cannot say that the improper admission of testimony regarding his pretrial silence is harmless beyond a reasonable doubt. Appellant's silence at the time of his arrest could have played a crucial role in the jury's determination of appellant's credibility. Therefore, we must reverse appellant's conviction.

Judgment and sentence reversed.

SCHROEDER and WREN, JJ., concurring.