470 P.2d 439

**STATE of Arizona, Appellee,**

v.

**Christopher BOYER, Appellant.**

**No. 2072.**

Supreme Court of Arizona,
In Division.
June 11, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Soble & Cole, Tucson, for appellant.

HAYS, Justice.

Appellant, Christopher Boyer, was arrested on January 5, 1969, in Flagstaff, Arizona and charged with Count I-possession of marijuana, and Count II-transportation of marijuana. Thereafter, a jury found him guilty on both counts, and the court imposed a sentence of one thousand dollar fine on Count I and five to ten years on Count II. Appellant then filed his notice of appeal.

The only issue raised on appeal concerns the sufficiency of the affidavit and supplemental testimony before the magistrate to support the issuance of the search warrant. In order to determine this question it is necessary to examine the affidavit, the testimony concerning matters presented to the magistrate, and the testimony as to the facts surrounding the search and arrest of the appellant.

The affidavit is in general terms with a specific description of the vehicle to be searched and an indication that the property sought is marijuana, narcotics, and any drugs and paraphernalia incidental thereto. The testimony of the magistrate indicated that he placed Walt Hinson, the affiant on the affidavit, under oath and Hinson gave him a description of the individual and of the vehicle and the fact that he had reason to believe that the vehicle would be trans·

porting marijuana and possibly other drugs from Tucson to Flagstaff. Hinson also told him that the informant from whom he got the information was reliable and gave him facts supporting that assertion. He indicated that he had used the informant before to secure a conviction. It was also mentioned that the informant said that there would possibly be a gun in the car. The time involved in issuing the search warrant was some 30 minutes.

Testimony of Walt Hinson and Lloyd Jewell, who accompanied Hinson when he secured the search warrant, further indicated that the magistrate was told: That the informant's information came through association with the appellant; the dates when the appellant left Flagstaff and when he was expected to return; that information given as to the appellant's previous movements and associations checked with their own surveillance data; and that the informant had given reliable information concerning a case involving a certain doctor and drug prescriptions.

On January 5, 1969, the date of appellant's arrest, he was stopped while driving the vehicle described in the search warrant. After the officers identified themselves and produced the search warrant, appellant handed one of them a paper sack which contained marijuana and pills. Thereafter a loaded automatic pistol was found in the automobile.

■ The appellant here contends that the facts presented by the affiant are insufficient for the magistrate to make an independent determination that probable cause exists. With this position we do not agree.

■ The Arizona statutes set forth the conditions under which a search warrant may issue. A.R.S. §§ 13–1443 and 13–1444. As is apparent, both the written affidavit and oral testimony taken by the magistrate may be the basis for its issuance. A rather complete discussion on this subject is found in the recent case of State v. Watling, 104 Ariz. 354, 453 P.2d 500 (1969).

As indicated in the Watling case, supra, Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, (1964) holds that an affidavit may be based on hearsay information as long as the magistrate is informed of some of the underlying circumstances showing the information to be reliable. The oral testimony in this case reflects a disclosure of such "underlying circumstances."

The appellant suggests that the Arizona courts have been too restrictive and narrow in their construction of Aguilar, supra, and further indicates that Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), requires us to invalidate the search warrant. We, of course, must apply the law of Spinelli, supra, but there was obviously oral testimony present here which gave the magistrate "* * * something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." We are also aware of the language in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), which reads:

"* * * If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by non-lawyers in the midst and haste of a criminal investigation. Techinical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." 85 S.Ct. at 746.

■ Appellant makes much of the fact that the affiant failed to tell the magistrate that the informant was in jail during the crucial period when the information was made available. This fact alone does not

make the magistrate's determination of probable cause invalid.

 At the hearing on the motion to suppress the evidence seized, there appeared to be some contradiction in the testimony of the three parties present at the time of the application for search warrant. The trial judge heard and evaluated this evidence and denied the motion to suppress. In the absence of a clear abuse of discretion we will not override his findings, State v. Stephens, 66 Ariz. 219, 186 P.2d 346 (1947).

Judgment of the trial court is affirmed.

STRUCKMEYER, V. C. J., and Mc-FARLAND, J., concur.