**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Michael Allen MASTERS and Donna Louise Bull Edwards, Defendants-Appellants.**

No. 71-1526.

United States Court of Appeals,
Ninth Circuit.

Nov. 3, 1971.

Rehearing Denied and Rehearing En Banc Denied Dec. 9, 1971.

merous assignments of error. Only four warrant discussion.

■ The questions on voir dire were appropriate. The scope of the questioning was within the sound discretion of the trial judge, which was not abused.

■ In her opening statement, the United States Attorney referred to a smuggling plan which had been used on a prior occasion. Appellants argue that the statement was improper because no continuing plan of criminal conduct was ever proved. The evidence indicates that, a few days before the appellants were apprehended in the act of aiding and abetting the smuggling attempt, Edwards and four others had engaged in a rehearsal or "dry run." The evidence also indicates that the earlier attempt would not have been "dry" if the expected contact had been made on that occasion with a marijuana dealer in Mexico. We find no error.

The trial judge allowed the prosecutor to ask appellants about prior familiarity with marijuana. Edwards was asked whether she had ever seen marijuana at the home of the principals. She answered that she had once observed a small quantity there. Masters was asked whether he had smoked any marijuana during a recent trip to Colorado. He answered in the negative.

To have any relevance to the offense charged, these questions require the jury to draw the improbable inference that one who occasionally uses marijuana is likely to engage in a smuggling conspiracy. We see little or no significant relationship between isolated incidents of marijuana consumption and willingness to engage in a smuggling conspiracy. On that theory, anyone who drank during the Prohibition era should have been a rumrunning suspect.

■ So far as Masters is concerned, we see some merit in the suggestion that the actual purpose of this questioning was to portray him to the jury as a

S. Jeffrey Minker (argued), Tucson, Ariz., for defendants-appellants.

James Whitney, Asst. U. S. Atty. (argued), Richard K. Burke, U. S. Atty., Ann Bowen, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before WRIGHT and CHOY, Circuit Judges, and BYRNE, District Judge.*

**PER CURIAM:**

Appellants were convicted of aiding and abetting a marijuana smuggling scheme. The evidence was clearly sufficient. We affirm. Appellants make nu-

---

* Hon. William M. Byrne, United States District Judge, Central District of California, sitting by designation.

**868**

drug user. The prejudicial nature of such an inquiry far outweighs whatever minute probative value it may have for showing commission of the smuggling offense. We strongly disapprove of this prosecution tactic. Under the circumstances of this case, however, we find the error to be harmless beyond a reasonable doubt. *See* Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). The independent evidence of guilt was quite strong.

■ The question put to Edwards concerned only her knowledge of the principals' possession of marijuana. Although it rests upon the same far-fetched inference as did the question to Masters, it is less likely to have been prejudicial since it did not accuse her of prior criminal activity. The trial judge was within the scope of his discretion in requiring her to answer.

Appellants also assign as error a statement by the trial judge in which he commented on the guilty plea of an accomplice who testified for the government. On cross-examination of this witness, defense counsel attempted to raise an inference that his testimony was fabricated pursuant to a deal with the government. The trial judge then informed the jurors that he always took care to satisfy himself that a guilty plea was voluntarily given and that he personally had made no deals with the witness about sentencing.

■ The judge was understandably concerned with what he considered an attack on the integrity of the court, and he only tried to remove the implication that he had collaborated in any deals with the witness. Yet there is some danger that an explanation like this might unfairly enhance the credibility of the witness in the jurors' eyes. We do not think that this risk rose to the seriousness essential for reversible error, because the defense attorney hastened to explain to the jury that his attack on the witness' reliability was really based on the prosecutor's decision to allow him to plead to a lesser offense. In these circumstances the jury could still have distrusted the witness had it been so inclined, despite the judge's comments.

Appellants' other assignments of error have been considered and found to be without merit. The judgment of the district court is affirmed. The mandate shall issue forthwith.