533 P.2d 91

**STATE of Arizona, Appellee,**

v.

**Michael T. VANDEVEER, Appellant.**

**No. I CA–CR 282.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 25, 1975.

Rehearing Denied April 30, 1975.

Review Denied June 3, 1975.

Bruce E. Babbitt, Atty. Gen. by Thomas A. Jacobs and Bud Moore, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County by Anne Kappes, Deputy Public Defender, Phoenix, and Derickson & Kemper by James H. Kemper, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

The questions dispositive of this case on appeal are whether the trial court erred in denying the appellant's motion to suppress evidence found in a search of his apartment and in the trunk of the car in which he was a passenger.

The facts necessary to a determination of these questions on appeal are as follows. On February 13, 1969, a complaint was filed against the appellant-defendant and

two co-defendants charging them with possession of marijuana and possession of marijuana for sale. One of the co-defendants, who had been granted immunity by the state, testified that he went to the defendant's apartment on the evening of the arrest. At the apartment the defendant showed him 55 packages which the defendant said contained marijuana and these packages were then carried to the trunk of this co-defendant's car. The defendant and this co-defendant then rode around Phoenix for awhile before stopping to sell some of the marijuana. The two men then returned to defendant's apartment where they were met by the police. The police had already searched defendant's apartment pursuant to a search warrant they had previously obtained and then searched this co-defendant's car before placing these two men under arrest. Following a jury trial, the defendant was found guilty of possession of marijuana and possession of marijuana for sale. He originally filed an appeal in propria persona from the conviction of possession of marijuana for sale in 1969. This appeal was dismissed as he failed to file an opening brief but a motion was granted reinstating his appeal in January, 1974.

The defendant argues that all the items seized in the apartment should have been suppressed as they were obtained pursuant to an invalid search warrant. He contends that there was no probable cause to support the issuance of the search warrant as there was no showing as to the informant's reliability or as to the underlying circumstances from which the informant reached his conclusions. Aguilar v. Texas, 378 U. S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

■ The search warrant was issued by the magistrate based on the following written affidavit:

"A confidential informant who has been proven reliable numerous times during past several weeks states that Mike Vanderbilt along with other subjects went to mexico and picked up a quantity of Marijuana and had it brought back into Phoenix. This information has been verified by U. S. Customs Agents and State Agents. The Marijuana was transferred from one car to another at Shea Blvd. and Scottsdale Rd. The Marijuana is now in the Apt. occupied by Jerry Malouf and Michael Van de Veer aka Mike Vanderbilt at 217 W. 3rd. St. which is a two-story apartment on West end of apartment building."

As this case arose before the 1970 amendment to A.R.S. § 13-1444 requiring that any oral testimony taken by the magistrate be recorded, transcribed or placed in written form to be signed by the testifying officer, both the written affidavit and the sworn oral testimony taken by the magistrate may be the basis for the issuance of a search warrant. State v. Boyer, 106 Ariz. 32, 33, 470 P.2d 439, 440 (1970).

Officer Dedman, an affiant on the affidavit, testified at the motion to suppress that he was placed under oath by the magistrate and provided information not on the affidavit. He told the magistrate that the informant had recently been used in two felony arrests and that many of the details given by the informant had been verified and found to be true. He also told the magistrate that the informant had seen marijuana in the apartment on the day the warrant was issued; the officer did not have direct information on this fact but the informant had contacted his captain to this effect. The magistrate who issued the warrant testified that he had no independent recollection of the specifics of the conversation with Officer Dedman, but did recall being told that the apartment to be searched and the defendant had been under surveillance for a considerable length of time. He recalled being told that the officers had seen what they thought to be marijuana being transferred in and about the apartment on the day the warrant was issued. He testified that he was not told that the informant had been in the apartment. Officer Robinson, the other affiant on the affidavit, could not remember what

was said to the magistrate at the time the warrant was issued.

■ The affidavit, together with the oral testimony which was not merely a re-iteration of the information supplied on the face of the affidavit, provided the magistrate with adequate information to make an independent determination of the informant's credibility and the reliability of his information.

■ The informant's credibility is not merely presumed, as he had previously provided information resulting in two felony arrests, and one of the affiants had verified quité a bit of the information given him in this investigation. The informant's reliability is further enhanced as he had seen the marijuana on the premises the day the warrant was issued. State v. Ramos, 11 Ariz.App. 196, 199, 463 P.2d 91, 94 (1970).

■ The reliability of the information is also supported by the affidavit and the oral sworn testimony. The magistrate was provided with sufficient detail to know that the informant was relying on more than casual rumor in obtaining his information. Spinelli v. United States, 393 U.S. 410, 416, 89 S.Ct. 584, 589, 21 L.Ed.2d 637, 644 (1969). Not only was there sufficient detail in the information provided but there is evidence that the informant acquired much of the information as an eyewitness. State v. Ramos, *supra, cf.* State v. Byers, 16 Ariz.App. 3, 6, 490 P.2d 580, 583 (1971). While there was a conflict in the testimony at the preliminary hearing over whether the magistrate had been told that the informant had seen the marijuana at the apartment on the day the warrant was issued, the trial judge who heard and evaluated this evidence denied the motion to suppress. We will not override his findings as there was no clear abuse of discretion. State v. Boyer, 106 Ariz. 32, 34, 470 P.2d 439, 441 (1970).

■ There is a further attack on the warrant as the allegation made in the affidavit and the oral testimony that the marijuana had been transferred between cars

was later found to be false. However, as the alleged falsehood was unknown to the officers at the time and did not affect the integrity of the search warrant it will be upheld. State v. Williams, 111 Ariz. 175, 177, 526 P.2d 714, 716 (1974). Therefore, the items—such as cigarette papers and marijuana cigarette butts—found in the apartment pursuant to this search warrant were admissible.

We must next determine whether the 51 packages of marijuana found in the trunk of the car in which the defendant was a passenger are also admissible.

When the defendant and this co-defendant who testified at trial arrived at the defendant's apartment, they were met by the police. The police identified themselves and the two persons in the car attempted to drive away. After the driver of the car was stopped at gunpoint and before the occupants were placed under arrest, a search of the car's trunk revealed this large quantity of marijuana. The defendant contends that the warrantless search of this car was unlawful so that the marijuana was not admissible at trial.

■ In deciding whether this marijuana evidence was admissible, a two-step inquiry is required. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The police must be justified in their initial stopping of the automobile and the ensuing conduct by the officers must be reasonably related in scope to the circumstances which justified the initial interference. State v. Salcido, 22 Ariz.App. 167, 525 P.2d 298, 300 (1974).

■ The defendant's fourth amendment rights were not violated by the initial stopping of the automobile. The evidence shows that a police officer was placed at the rear of the apartment for surveillance while the search of the apartment took place. The co-defendant drove the car into the back alley and pulled into a parking place behind the apartment; when the occupants of the car saw the police officer, the co-defendant backed the car out of the parking place and attempted to leave the

alley. At this time the police officer yelled for the car to stop, identified himself and drew his gun. The co-defendant testified that he and appellant were then briefly searched for weapons before being escorted to the apartment; he left the car running with the keys in the ignition. The police officer, in light of his experience and the facts that he had been assigned to conduct the surveillance of the apartment while the search warrant was executed, and that as he approached the car he observed that the passenger fit the description given him of the person named in the search warrant for the apartment, was reasonable in concluding that criminal activity might have been afoot based on the unusual conduct of the occupants of the car. Terry v. Ohio, *supra.*

As the initial stopping was justified, the second step of the inquiry must be examined. After the occupants of the car were apprehended, they were taken into the apartment. The officers in the apartment knew the appellant and also knew he was named in their search warrant. They also knew that the occupants of the car had attempted to flee when they saw the officer in the alley as well as possessing all the information surrounding the issuance of the search warrant they were executing. From these facts, the officers had probable cause for making a full-scale search of the automobile in which the appellant was riding. Additionally, the exigent circumstances here justify the search of this car without a warrant. State v. Raymond, 21 Ariz.App. 116, 516 P.2d 58 (1973).

The defendant raises four other issues in this case which only require brief comment. First, he urges that his absence from the jury impaneling violated his constitutional rights. The defendant was aware of the trial date and made no showing that his absence was not voluntary, so that his absence for this brief period of time was permissible. State v. Davis, 108 Ariz. 335, 498 P.2d 202 (1972).

Second, the defendant contends that a voluntariness hearing should have been held before his statements to the booking officer could be admitted. This contention is without merit because such non-interrogative questioning regarding routine booking matters does not fall within the purview of *Miranda.* See Toohey v. United States, 404 F.2d 907, 910 (9th Cir. 1968).

The defendant next argues that he was unduly prejudiced by the identification of exhibits later held by the court to be inadmissible. There is no showing of bad faith by the prosecutor in attempting to introduce this evidence. Hence in our opinion, there was no prejudice in light of the independent admissible evidence of guilt that was also introduced. See United States v. Masters, 450 F.2d 866, 868 (9th Cir. 1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1329, 31 L.Ed.2d 587 (1972).

Finally, the defendant contends that he was deprived of a fair trial by allowing the co-defendant to testify that he and the defendant had made a sale of marijuana on the night of the event. While evidence of prior bad acts of defendant is generally inadmissible, State v. Collins, 111 Ariz. 303, 528 P.2d 829, 831 (1974), it is admissible to show the defendant's state of mind, to complete the picture and to show his intent to sell this marijuana. State v. Tacon, 107 Ariz. 353, 357–8, 488 P.2d 973, 977–8 (1971), cert. granted, 407 U.S. 909, 92 S.Ct. 2446, 32 L.Ed.2d 682 (1972), cert. dismissed, 410 U.S. 351, 93 S.Ct. 998, 35 L.Ed.2d 346 (1973).

For the foregoing reasons, the conviction and sentence are affirmed.

HAIRE, C. J., and EUBANK, J., concur.