556 P.2d 809

**The STATE of Arizona, Appellee,**

v.

**Lacoure P. WINTERS, Appellant.**

**No. I CA–CR 1312.**

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 23, 1976.

Rehearing Denied Oct. 28, 1976.

Petition for Review Denied Nov. 23, 1976.

**510**

Bruce E. Babbitt, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne W. Kappes, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Judge.

This is an appeal from a judgment and conviction by the Maricopa County Superior Court of the defendant/appellant Lacoure P. Winters for the crime of robbery pursuant to ARS § 13–641 (1956). The defendant was sentenced to serve a term of not less than nine nor more than ten years in the Arizona State Prison.

The defendant was arrested on October 17, 1974, as a suspect for a robbery which occurred on October 7, 1974. The arrest was precipitated by information supplied to the Phoenix Police Department by an informant who reported that he overheard an individual named Charles White and another individual known only by the name Lacoure discussing the robbery in question. The informant also informed the police that a white Toyota was used in the robbery and supplied them with the address of Charles White. Pursuant to this information, the police went to the area of White's residence and "staked out" a white Toyota automobile which was parked on the street. At approximately this same time the defendant approached and entered the Toyota. The police then confronted the defendant for identification.

After initial questioning the defendant agreed to accompany the police officers to the police station and on the way to the station he made a statement which was introduced at trial as evidence incriminating the defendant in the robbery.

At the police station the defendant was fingerprinted, photographed and interrogated. The police officer testified that at one point he left the interrogation room, indicating to the defendant that he was going to check the defendant's fingerprints against those found at the scene of the crime. The officer returned a short time later and informed the defendant that the prints matched, when in fact the officer knew they did not. The defendant then confessed to the crime.

Subsequently, the victim of the crime was called to the police station and identified the defendant in a photographic line-up.

On motion by the defendant a pretrial hearing was held by the trial court to determine whether the incriminating statements made by the defendant should be suppressed and whether an in-court identification by the victim should be allowed. The defendant has appealed to this court, alleging seven assignments of error pursuant to the denial of these motions and his subsequent conviction for robbery.

Defendant's first and second assignments of error allege that the statements which he made under police interrogation and the testimony regarding the photographic lineup and in-court identification should have been suppressed as the fruits of an unlawful arrest. An examination of the record, however, discloses that the defendant failed to object to the admissibility of this evidence on these grounds at trial or at the suppression hearing. Although the record is less than clear on this subject, it appears that the only issues presented for the trial court's consideration at the suppression hearing were the voluntariness of the defendant's statements under the Miranda doctrine, and whether an in-court identification should properly be

allowed. It is a general rule in this state that failure to assert an objection to the introduction of evidence in the trial court will waive a claim of error on appeal. This court will not entertain an appeal from an issue not in the record and not raised for determination by the trial court. *State v. Scanlon,* 104 Ariz. 187, 450 P.2d 377 (1969); *State v. Holmes,* 110 Ariz. 494, 520 P.2d 1118 (1974); *State v. Settle,* 111 Ariz. 394, 531 P.2d 151 (1975); *State v. Wilson,* 113 Ariz. 308, 553 P.2d 235 (filed July 15, 1976). The defendant thus has no basis to allege error on these grounds.

The defendant's third assignment of error alleges that the incriminating statements made to the police by the defendant should be suppressed because they were obtained as the product of deliberate deception by the police. The defendant contends that the police officer lied to him when he stated that defendant's fingerprints matched those found at the scene of the crime and that this misstatement fraudulently induced him to confess to the crime.

■ Generally, deception alone does not render a statement inadmissible, but the voluntariness of the waiver of a fifth amendment right must be decided when viewed in relation to the totality of the circumstances. *Frazier v. Cupp,* 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969); *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *State v. Braun,* 82 Wash.2d 157, 509 P.2d 742 (1973); *State v. Oakes,* 527 P.2d 418 (Or.App.1974). See also *State v. Dugan,* 113 Ariz. 354, 555 P.2d 108 (filed September 13, 1976). A statement induced by fraud or trickery is not made involuntary unless there is additional evidence indicating that the defendant's will was overborne or that the confession was false or unreliable. *Schneckloth,* supra; *People v. Watkins,* 6 Cal.App.3d 119, 85 Cal.Rptr. 621 (1970).

■ In this case there was no evidence of threat, promise or physical coercion which in addition to the uncontroverted deception would indicate the existence of an involuntary waiver of fifth amendment rights. Viewed in relation to the totality of the circumstances, we conclude that the defendant's will was not overborne by the police deception to a degree sufficient to render the defendant's statements false or unreliable. This case is therefore distinguishable from the recent Arizona case of *State v. Denny,* 27 Ariz.App. 354, 555 P.2d 111 (filed August 17, 1976), where this court found sufficient evidence to imply that incriminating statements made by the defendant were the direct product of admitted police deception and that these statements did not satisfy basic standards of trustworthiness. We find that in the present case the trial court was correct on these grounds in admitting the statements.

Next, the defendant contends that the trial court was in error in allowing the prosecution to introduce evidence regarding the photographic lineup identification. The defendant argues that although admission of this evidence was not objected to at trial its admission constituted fundamental error since testimony regarding the police photograph of the defendant created in the minds of the jury the impression that the defendant had a previous criminal record. *State v. Kellington,* 93 Ariz. 396, 381 P.2d 215 (1963).

■ We find that the record is devoid of any evidence which indicates that the testimony regarding the photographic identification was sufficiently prejudicial to constitute fundamental error. Evidence that the defendant had been previously identified by a police photograph without additional evidence that the photograph was described at trial as a "mug shot" or direct testimony implicating the defendant in previous criminal activity will not imply sufficient error to justify reversal by this

court. *Cf. State v. Jacobs,* 94 Ariz. 211, 382 P.2d 683 (1963).

■ As a fifth assignment of error, the defendant alleges that the trial court erred in refusing to allow his requested jury instruction regarding the destruction of original notes made by the arresting officer after they were incorporated into his written arrest report. The defendant contends that destruction of this evidence entitled him to a jury instruction that the jury may infer that the true facts evidenced by those documents were against the state's interest.

This issue is controlled by the recent case of *State v. Travis,* 26 Ariz.App. 24, 545 P.2d 986 (1976), in which it was held that the trial court was not in error in refusing to grant a requested instruction regarding destroyed police notes since "[T]he notes . . . were not 'evidence whose nature, quality, or description [were] at issue in the case' as the language of the requested instruction indicates." 545 P.2d at 989. See also Rule 15.4(a)(2), Arizona Rules of Criminal Procedure, 17 A.R.S. On this authority we conclude that the trial court properly refused the requested instruction.

■ The defendant's next contention is that he was denied procedural due process by the failure of the trial court to make specific findings at the suppression hearing regarding the pretrial photographic identification pursuant to *State v. Dessureault,* 104 Ariz. 380, 453 P.2d 951 (1969). We find the defendant's position untenable. A close reading of *Dessureault* reveals that when an in-court identification is challenged as tainted by a prior identification, the trial court is required to hold a separate hearing "[T]o *determine* from clear and convincing evidence whether [the prior identification] contained unduly suggestive circumstances." [Emphasis added.] Id. at 384, 453 P.2d at 955. To imply from this language the requirement that the trial court make specific findings

at the suppression hearing as the defendant contends requires an unnatural interpretation of the term "determine" which we are not prepared to accept.

The defendant also alleges that the trial court erred in refusing to suppress certain incriminating statements made by the defendant subsequent to the expression of his intent to remain silent.

The defendant contends that after he manifested an intent to remain silent any statements made under subsequent interrogation were taken in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See also *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L. Ed.2d 313 (1975).

In the recent case of *State v. Clemons,* 27 Ariz.App. 193, 552 P.2d 1208 (filed July 29, 1976), this court held that under the facts of that case a defendant's statement that he was "not saying nothing" was sufficient to invoke the Miranda requirements that the interrogation cease. The evidence in *Clemons* clearly indicated that the officers continued to question the defendant after he repeatedly told them he didn't want to talk to them.

In our opinion the facts in this case distinguish it from *State v. Clemons,* supra, and we find no violation of the *Miranda* doctrine.

There is no dispute that the defendant was given his *Miranda* rights and that he understood he had the right to remain silent. The officers testified at the suppression hearing that he said he understood his rights when questioned by the officers although the defendant testified he really didn't understand all that was read to him from the Miranda rights card. The defendant acknowledged that he had heard these rights read to him on another occasion. Detective Patterson, who was in charge of the interrogation, testified the defendant's statements were free and voluntary and that there was no force, prom-

ises or threats used to induce the defendant to talk.

The defendant testified he willingly got into the police vehicle but after he was told they were taking him to the police station he tried to get out and told the officers he didn't want to go or talk with them. The testimony is not clear and is conflicting as to just what happened at the interrogation which took place in the car and at the police station. If the trial judge believed the defendant then the officers continued to question him after he expressly told them he would not answer any questions. If the trial judge believed the two officers, then the defendant without objection, freely and voluntarily answered the officers' questions.

The trial court heard the conflicting testimony and at the conclusion of the hearing found that the defendant's statements were admissible in evidence. The trial court made the specific finding that the statements were intelligently, knowingly and voluntarily made and that such statements were not made as a result of force, threats or promises of lenience.

The burden of proof on pretrial motions to suppress evidence is by a preponderance of the evidence. Rule 16.2, Arizona Rules of Criminal Procedure, 17 ARS; *State v. Arredondo,* 111 Ariz. 141, 526 P.2d 163 (1974). In the absence of a clear abuse of discretion, an appellate court will not override a trial judge's denial of a motion to suppress evidence. *State v. Boyer,* 106 Ariz. 32, 470 P.2d 439 (1970); *State v. Vandeveer,* 23 Ariz.App. 331, 533 P.2d 91 (1975). We find no abuse of discretion under the facts of this case.

The judgment and sentence are affirmed.

DONOFRIO, P. J., and NELSON, J., concur.