557 P.2d 1068

**STATE of Arizona, Appellee,**

v.

**John Landon PIKE, Appellant.**

**No. 3617.**

Supreme Court of Arizona,

En Banc.

Nov. 29, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Patrick J. McGroder, III, Phoenix, for appellant.

HAYS, Justice.

On July 10, 1975, the appellant, John Landon Pike, was convicted by the court of the crime of possession of dangerous drugs for sale, to wit, methamphetamine, in violation of A.R.S. §§ 32–1970(C), 32–1996(C) and 32–1901 and was sentenced to serve a term of not less than forty nor

more than fifty years in the Arizona State Prison. From this conviction and sentence he has appealed. This court has jurisdiction of this matter pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

The facts pertinent to this appeal are as follows. On October 8, 1974, Phoenix Police Officer David Guzzetta received information from a reliable informant, Peter Anderson, that a quantity of methamphetamine had been purchased at the house of an individual named John. The informant allegedly related to the officer a description of John, the address, the amounts purchased and certain other specifics about the sale. With this information in hand, Officer Guzzetta prepared an affidavit and presented it to a magistrate who issued a search warrant upon a finding of probable cause. On October 9, 1974 Officer Guzzetta, along with a number of other police officers, executed the search warrant and in so doing, arrested the appellant and seized a quantity of methamphetamines and certain drug-related paraphernalia in the appellant's house.

Prior to trial, a motion to suppress the evidence seized pursuant to the search warrant was filed by appellant. A hearing was commenced before Judge Morris Rozar on January 23, 1975, and further testimony was given before Judge Philip Marquardt in the same matter on February 25, 1975.

During the course of the hearing, the admitted informant, Peter Anderson, testified that although he had told Officer Guzzetta that he had gone to the door of the house and was there turned away, in actuality he had remained inside the car in which he and Ron Seilback had driven to the house while Ron went into the house to make the purchase. He further testified that he had never given the officer a description of anyone in the house, that he never saw "John" with his own eyes and, consequently, that he did not have first-hand knowledge of the sale.

Officer Guzzetta testified otherwise, stating that the informant, Anderson, had told him that he had personally made the purchase at the house and that the informant had given him a description of the appellant.

Based on the aforementioned testimony of Peter Anderson and the testimony of several other witnesses who corroborated certain aspects of his testimony, defense counsel argued that the search warrant should be stricken down as invalid, having been issued upon false representations of the affiant Officer Guzzetta and therefore the evidence seized pursuant to the warrant should be suppressed.

The trial court however denied the motion to suppress and made the following specific findings of fact: (1) that the statements made by the affiant, Officer Guzzetta, were factual and truthful; (2) that the statements made by the informant were not truthful and that the informant had lied to the police officer; (3) that the affiant made the affidavit on information that he believed reliable and credible but that the information itself was not reliable and credible.

On appeal, the appellant takes exception with the trial court's denial of the motion to suppress, arguing only that since the informant lied to Officer Guzzetta concerning certain facts upon which the search warrant relied, the officer's affidavit avowing to those erroneous facts and the search warrant issued thereon must fail.

It is not appellant's contention here as it was below that the officer lied or made false representations in his affidavit. Nor is it argued that the search warrant and affidavit were not sufficient on their face or issued in contravention to *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L. Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637 (1969). The sole issue here before us is whether a search warrant, based on an affidavit made in good faith by an officer who derived his information

from a heretofore reliable informant, should be deemed invalid when it is later discovered that the warrant was based on materially false statements of the informant.

■ The starting point of our analysis must be the Fourth Amendment which requires that search warrants not issue absent a determination of probable cause. It is to be noted that the existence of probable cause is a matter to be determined by a detached and disinterested magistrate from a consideration only of the affidavit and sworn testimony of the affiant and witnesses. A.R.S. §§ 13–1443 and 13–1444.

Thus it has been said by this court that: "The real issue involved in the determination of an issue such as probable cause is not whether the *informant* lied to the officers but whether the *affiant* is truthful in his recitation of what he was told and whether that information is credible and reliable." (emphasis added) *State v. Keener,* 110 Ariz. 462, 464, 520 P.2d 510, 512 (1974).

■ Hence, the fact that an informant has given false information to a police affiant will not serve to vitiate the existence of probable cause absent a showing that the officer/affiant knew or had reason to know that the informant was lying and, therefore, the false information cannot serve to invalidate the warrant. *Cf. State v. Williams,* 111 Ariz. 175, 526 P.2d 714 (1974); *State v. Vandeveer,* 23 Ariz.App. 331, 533 P.2d 91 (1975). As stated in *State v. Vandeveer, supra:* "[A]s the alleged falsehood was unknown to the officers at the time and did not affect the integrity of the search warrant [the warrant] will be upheld." 23 Ariz.App. at 334, 533 P.2d at 94.

The rationale for our disposition of this matter is set forth in Kupperman, *Inaccurate Search Warrant Affidavits as a Ground for Suppressing Evidence,* 84 Harv.L.Rev. 825 (1971), wherein it was stated in discussing the precise issue now before us:

"Even if the error here is material, exclusion of competent evidence seems inappropriate. It is true that the warrant will have been issued on inaccurate data but the fourth amendment has been read not to proscribe 'inaccurate' searches, but rather only 'unreasonable' ones. [citing *Dumbra v. United States,* 268 U.S. 435 [45 S.Ct. 546, 69 L.Ed. 1032] (1925)]. And a warrant based on information which the affiant and the magistrate both had reasonable grounds for believing is a reasonable one." 84 Harv.L. Rev. at 832.

In the instant case, there was no evidence to show that Officer Guzzetta knew or had reason to know that his informant was lying to him. The informant had given reliable information before and the officer had a reasonable basis to believe Anderson's story. The magistrate also had reasonable grounds to believe the story based on the affidavit's avowal and supporting facts of the prior reliability of the informant. The warrant, and the search executed pursuant thereto, were therefore reasonable.

We find a recent Ninth Circuit Court of Appeals case to be particularly instructive in this matter. In *United States v. Damitz,* 495 F.2d 50 (9th Cir. 1974), a U.S. Magistrate issued a search warrant on the basis of an informant's affidavit which, the informant later admitted at a suppression hearing, contained false statements. The Court of Appeals upheld the validity of the search warrant on two different grounds. Initially, they stripped away the false portions of the affidavit and determined that there were still sufficient facts left upon which to sustain a finding of probable cause. They went on to say, however:

"Assuming *arguendo* that the affidavit here does not constitute probable cause to issue a search warrant, we hold alternatively that good faith reliance by the government, including the arresting agents and the Assistant United States Attorney, on the knowingly and materi-

ally false statements of a nongovernment affiant will support an affidavit sufficient on its face. A rule excluding evidence because of a Fourth Amendment violation should be motivated by a basic purpose of the Amendment and the exclusionary rule, namely the deterrence of lawless police action. *See Linkletter v. Walker*, 1965, 381 U.S. 618, 636–637, 85 S.Ct. 1731, 14 L.Ed.2d 601. This is why the intentional misstatement by an affiant who is a federal agent may vitiate the affidavit, the warrant and the search. *See e. g., United States v. Morris, supra,* 5th Cir., 477 F.2d [657] at 662; *United States v. Upshaw, supra,* 5th Cir., 448 F.2d [1218] at 1222. The affiant who made the misrepresentation here, however, was a non-government informer, and the federal agents had reasonable grounds to believe his story. They did not participate in lawless police action, but rather engaged in exemplary police behavior by making a good faith attempt to verify Annas' story  .  .  . No purpose of the Fourth Amendment would be served by excluding evidence obtained by good faith reliance by the government on an informer who lies." (footnotes omitted) 495 F.2d at 55–56.

We agree with the Ninth Circuit Court of Appeals and accordingly hold that as long as the police had a good faith and reasonable basis to believe the representations of a reliable informant, as was the case here, the resulting affidavit sworn to by the officer may validly serve to constitute the requisite probable cause for a search warrant to issue even though later it becomes known that the informant's representations were false. The search warrant having been properly issued based on a determination of probable cause, we can

ascertain neither a fourth-amendment violation nor any purpose in excluding the evidence seized pursuant thereto. The trial court's denial of the motion to suppress was proper.

The appellant additionally argues that there was insufficient evidence to support the trial court's finding that the informant had lied to the officer on October 8. In support of this argument the appellant points out that Judge Marquardt did not have a complete picture of the proceedings since he did not preside over the first day of testimony.

■ Upon a review of the record, however, it is apparent that there was sufficient evidence upon which to find the informant had lied, albeit there was a conflict in the testimony. The credibility of witnesses is a question for the trier of fact whose determination will not usually be disturbed on appeal. *State v. Hunter*, 112 Ariz. 128, 539 P.2d 885 (1975). Moreover, the fact that Judge Marquardt did not personally preside on the first day of the hearing is of no consequence as not only had the judge familiarized himself with the transcript of the first day's proceedings, but also, Officer Guzzetta, who was the only witness to testify the first day, did testify in front of Judge Marquardt thereby giving the judge an opportunity to determine for himself the credibility and demeanor of the witness. We hold there was sufficient evidence upon which the court could make its findings.

Conviction and sentence affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.