33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Logan Dee UNDERWOOD, Defendant-Appellant.
 No. 93-30396.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 4, 1994.
Decided Aug. 24, 1994.
 
 Before: ALARCON, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Logan Dee Underwood appeals his jury conviction of use of a firearm during, and in relation to, the drug trafficking offense of possession with intent to distribute marijuana, in violation of 18 U.S.C. Sec. 924(c)(1). He argues that there was insufficient evidence to convict him and that the district court erred in admitting certain evidence and in instructing the jury. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Underwood argues that there was insufficient evidence that he used the firearm, a sawed-off 20-gauge shotgun, in relation to a drug trafficking offense. The substance of Underwood's argument is that mere possession of the firearm is an insufficient evidentiary foundation from which to infer its use in relation to a drug trafficking offense.[1] On the facts of this case, we must reject Underwood's argument.
 
 
 4
 We review the sufficiency of the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Because Underwood did not renew his motion for acquittal at the close of the evidence, our review is for plain error. United States v. Mora, 876 F.2d 76, 77 (9th Cir.1989).
 
 
 5
 To convict Underwood of violating Sec. 924(c)(1), the government must prove that he (1) knowingly used or carried a firearm (2) during and in relation to a drug trafficking crime. United States v. Martinez, 967 F.2d 1343, 1346 (9th Cir.1992). In order to establish the "drug trafficking crime" element of this offense, the government was required to prove that Underwood possessed marijuana with intent to distribute. See id. at 1345.
 
 
 6
 Underwood concedes ownership of the residence, the marijuana, and the sawed-off shotgun. His argument that the evidence was insufficient to convict him is directed at two elements of the government's proof: (1) that there was insufficient proof that he had the intent to distribute the marijuana, and (2) that there was insufficient proof that he used the shotgun in relation to a drug trafficking offense. We reject both of these contentions.
 
 
 7
 * The evidence here was sufficient to establish that Underwood possessed the marijuana with intent to distribute. Underwood conceded ownership and constructive possession of the marijuana. The evidence established that the master bedroom was shared by Underwood and his common-law wife. Officers found marijuana debris on top of the desk in the master bedroom, but did not find such debris elsewhere in the residence. Inside the desk were scales and a cocaine diluent. Officers found baggies with the corners removed in the garbage can next to the desk. Officers had previously found marijuana debris in two garbage searches. There was expert testimony to explain the use of baggies in drug trafficking and to explain that the marijuana debris was consistent with manicuring marijuana for sale. Underwood told the officers that his wife "had no involvement or knowledge of the marijuana whatsoever." This evidence suffices to support the inference that Underwood used the bedroom, and specifically the desk, in the commission of a drug trafficking offense. Martinez, 967 F.2d at 1345.
 
 B
 
 8
 The evidence was also sufficient to establish that Underwood used the sawed-off shotgun in relation to the underlying drug trafficking offense.
 
 
 9
 A defendant need not display or brandish a firearm to be convicted under Sec. 924(c)(1). United States v. Power, 881 F.2d 733, 737 (9th Cir.1989). "A firearm may play a role in the offense simply by emboldening the defendant to act; the defendant need not have drawn his weapon or fired rounds." United States v. Torres-Medina, 935 F.2d 1047, 1050 (9th Cir.1991). A firearm is considered available for purposes of Sec. 924(c)(1) "if its physical proximity to the defendant at any time during the commission of the crime ... supports the inference that it emboldened him to commit the underlying offense...." Id.; see also United States v. Guy, 903 F.2d 1240, 1243 (9th Cir.1990) (affirming conviction under Sec. 924(c) where sawed-off shotgun was strategically located so as to be quickly and easily available during a drug transaction and where circumstances showed that the firearm could have emboldened the actor).
 
 
 10
 Underwood concedes ownership and constructive possession of the loaded, sawed-off shotgun.[2] The firearm was located just inside a closet next to the desk, within easy reach of a person sitting at the desk. The weapon was plainly available to the defendant during the commission of the underlying offense. Other weapons were standing together at a greater distance from the desk than the sawed-off shotgun.
 
 
 11
 It was not plain error to allow the jury to determine whether, despite Underwood's absence at the time of the search, the firearm was used "in relation to" the underlying drug trafficking offense.
 
 II
 
 12
 Underwood argues that the district court erred in admitting evidence of uncharged crimes or acts. We review for abuse of discretion the district court's admission of evidence. United States v. Miller, 874 F.2d 1255, 1268 (9th Cir.1989). Where the defendant has failed to object to the admission of evidence, we review only for plain error. United States v. Gomez-Osorio, 957 F.2d 636, 642 (9th Cir.1992).
 
 
 13
 Fed.R.Evid. 404(b) prohibits the introduction of prior crimes, acts, or wrongs to prove that the accused acted in conformity with his character. United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993). However, evidence of prior conduct is admissible whenever relevant to an issue other than criminal propensity. United States v. Bowman, 720 F.2d 1103, 1105 (9th Cir.1983). Whether the challenged evidence is "other crimes" evidence or prior similar act evidence under Rule 404(b) is a question of law we review de novo. United States v. Hill, 953 F.2d 452, 455 (9th Cir.1991).
 
 
 14
 Underwood argues that the district court erred in admitting evidence of his use of marijuana and cocaine in order to show his intent to distribute narcotics. The government counters that the evidence was not admitted as prior acts evidence under Fed.R.Evid. 404(b), but was ordinary relevant evidence admitted to show intent to distribute. The government's theory is that evidence of drug use is relevant to show concurrent intent to distribute. The government argues that "[t]he fact that a person uses narcotics generally has a tendency to make the fact of distribution of narcotics generally more probable than it would be without such evidence." We are not surprised that the government cites no authority for this proposition, because there is none.
 
 
 15
 We have repeatedly held that evidence of prior drug use is not a proper basis for inference that a defendant imports or distributes drugs. In United States v. Mehrmanesh, 689 F.2d 822, 831-32 (9th Cir.1982), we rejected the argument that drug-use paraphernalia was relevant to show intent, knowledge, motive, opportunity, and absence of mistake relative to a charge of importation. We noted that, "[a]lthough the Government apparently argued that the jury could infer that since [defendant] used drugs he was likely to participate in their importation, ... this is precisely the inference we condemned as 'improbable' in [ United States v. Masters, 450 F.2d 866, 867 (9th Cir.1971), cert. denied, 405 U.S. 1044 (1972) ]. See also United States v. Hegwood, 977 F.2d 492, 497 (9th Cir.1992) (evidence of prior drug use is not admissible under Rule 404(b) to prove a charge of possession with intent to distribute), cert. denied, 113 S.Ct. 2348 (1993).
 
 
 16
 Evidence of prior drug use may be admitted to rebut a defense theory of mistake or accident, see id., but here the defense was simply that although Underwood may have been a drug user, he was not a drug dealer. Evidence of drug use, in this case, was probative of nothing more than his character.
 
 
 17
 Nevertheless, we reverse for nonconstitutional error in admitting evidence only if it is more probable than not that the erroneous admission of the evidence materially affected the jurors' verdict. Arambula-Ruiz, 987 F.2d at 605. Moreover, we are constrained in our review here due to the defendant's failure to object to the evidence. We review only for a highly prejudicial error affecting substantial rights. United States v. Gomez-Norena, 908 F.2d 497, 501 (9th Cir.), cert. denied, 498 F.2d 947 (1990). There was sufficient evidence to convict Underwood of possessing marijuana with intent to distribute, including baggies, marijuana debris showing manicuring, scales, and nearly a pound of marijuana stashed in Underwood's garage. The error in admitting the evidence of personal drug use was not so substantial as to require reversal.
 
 III
 
 18
 Underwood argues that the district court erred in admitting other evidence of use or distribution of cocaine and marijuana, including a sifter, a bottle of Annatol, plastic baggies with the corners removed, marijuana stems, written notations equating gram quantities to ounce quantities, and a book on growing marijuana. He argues that none of this evidence was admissible under Rule 404(b).
 
 
 19
 We disagree. Tools of the drug trade, including scales, baggies, and diluents, are probative of intent to distribute narcotics and are admissible as direct evidence of such intent. See United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.), cert. denied, 488 U.S. 943 (1988); United States v. Bernal, 719 F.2d 1475, 148 (9th Cir.1983). Evidence tending to show distribution of marijuana, even if also consistent with mere use of marijuana, was admissible to prove an element of the offense charged.
 
 
 20
 Evidence tending to show prior distribution of cocaine is, moreover, admissible under Rule 404(b) as a similar criminal act revealing knowledge, intent, and motive. Mehrmanesh, 689 F.2d at 832. The evidence is not stripped of its probative value simply because it relates to cocaine, rather than marijuana. See United States v. Segovia, 576 F.2d 251, 252-53 (9th Cir.1978); United States v. Batts, 573 F.2d 599, 602-03 (9th Cir.), cert. denied, 439 U.S. 859 (1978). The evidence of cocaine distribution in this case tended to refute Underwood's defense that he was merely a drug user who possessed only personal-use quantities of marijuana.
 
 IV
 
 21
 Underwood argues that the district court erred in admitting expert testimony related to the significance of certain items of evidence. The decision to admit expert testimony is committed to the discretion of the district court and will not be disturbed unless manifestly erroneous. United States v. Kinsey, 843 F.2d 383, 388 (9th Cir.), cert. denied, 487 U.S. 1223 (1988). Because Underwood did not object contemporaneously, we review only for plain error. Gomez-Osorio, 957 F.2d at 642.
 
 
 22
 Fed.R.Evid. 702 provides that a qualified witness may offer expert testimony if it will assist the trier of fact in understanding the evidence. "Law enforcement officers with sufficient qualifications may testify concerning the methods and techniques employed in an area of criminal activity." United States v. Espinosa, 827 F.2d 604, 612 (9th Cir.1987), cert. denied, 485 U.S. 968 (1988). Rule 704 permits expert testimony encompassing ultimate issues to be resolved by the trier of fact, unless the testimony concerns the defendant's mental state or condition. "A witness, however, may not give a direct opinion on the defendant's guilt or innocence." Id.
 
 
 23
 Underwood argues that it was error to allow government agents to testify that individual items of evidence were "associated with," "consistent with," or "indicated" narcotics distribution. This argument has no merit. The expert witnesses here expressed no opinion on Underwood's guilt or innocence, nor did they comment on his state of mind. The officers testified that drug traffickers use weapons, that they specifically use sawed-off shotguns, and that they keep weapons close at hand during drug transactions. None of this expert testimony speaks to the ultimate issue of guilt or innocence, nor does it refer to the defendant's state of mind. Rather, this is precisely the type of evidence we have repeatedly held is admissible expert testimony. See, e.g., United States v. Taren-Palma, 997 F.2d 525, 534-35 (9th Cir.1993), cert. denied, 114 S.Ct. 1648 (1994); Espinosa, 827 F.2d at 612-13; Kinsey, 843 F.2d at 388-89; United States v. Fleishman, 684 F.2d 1329, 1335-36 (9th Cir.), cert. denied, 459 U.S. 1044 (1982).
 
 
 24
 The district court did not commit plain error in admitting the expert testimony regarding the consistency of certain evidence with drug trafficking and regarding the use of firearms in drug trafficking offenses.
 
 V
 
 25
 Underwood argues that the district court erred in admitting the testimony of his wife, Kristene Farrens (a.k.a. Kristene Underwood). The government called Farrens to the stand and questioned her about statements she made to the officers who searched Underwood's residence. She denied having told the officers that Underwood distributed narcotics. Later, the government introduced, through Agent Ganske, Farrens' prior statement to the effect that Underwood was selling narcotics.
 
 
 26
 We need not evaluate the government's asserted strategic reasons for examining Farrens in this manner, because her prior inconsistent statement was inadmissible hearsay regardless of the government's reasons for introducing it.[3] Fed.R.Evid. 801(d)(1)(A) provides that a prior inconsistent statement is not hearsay if it was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition. None of these conditions are met here.[4]
 
 
 27
 We recently considered the application of Rule 801(d)(1)(A) in a similar situation. See United States v. Armijo, 5 F.3d 1229, 1232-1233 (9th Cir.1993). There, a witness made a statement to investigating agents identifying the defendant as a source of cocaine. At trial, when asked about her statement, she denied having made it, and stated that the written statement she had signed was incorrect. The government then introduced her prior statement through the testimony of FBI agents. We held that the witness' statement was hearsay under Rule 801(d)(1)(A).
 
 
 28
 However, here, as in Armijo, the defendant failed to object to the testimony or to request that the jury be instructed that it could consider the testimony only as bearing on Farrens' truthfulness. See Armijo, 5 F.3d at 1232. Under these circumstances, "[w]e are not to exercise our discretion to correct a plain forfeited error affecting substantial rights unless it 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " Id. at 1232 (quoting United States v. Olano, 113 S.Ct. 1770, 1779 (1993)). The defendant bears the burden of persuading us that the error affected the outcome of the proceedings. Id. at 1233. This Underwood has failed to do. We are persuaded that there was more than sufficient evidence, aside from Farrens' statement, from which the jury could conclude that Underwood possessed the firearm in relation to a drug trafficking offense. The government's case did not, by any stretch of the imagination, turn on Farrens' statement to the agents.
 
 VI
 
 29
 Underwood argues that the district court erroneously instructed the jury that they were to "consider evidence about the acts, statements, and intentions of others or evidence about other acts of the defendant, only as they relate to the charges against this defendant." This argument is wholly without merit. The district court's instruction properly limited the jury's consideration of evidence of other acts. See United States v. Butcher, 926 F.2d 811, 816 (9th Cir.1991).
 
 VII
 
 30
 For all of the above reasons, the judgment of the district court is affirmed.
 
 
 31
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Underwood relies on a number of out-of-circuit decisions to support his argument. We follow the law of our own circuit over inconsistent law from other circuits. United States v. Martinez, 967 F.2d 1343, 1347 (9th Cir.1992)
 
 
 [2]
 We reject the assertion that constructive possession of the firearm will not suffice under Sec. 924(e). See Torres-Medina, 935 F.2d at 1048-1050 (finding use of a firearm in relation to a drug trafficking offense where defendant, due to physical disability, could not obtain access to either the narcotics or the firearm without the assistance of others)
 
 
 [3]
 We note that the government disavows using the prior inconsistent statements to impeach Farrens' character for truthfulness and that the record does not support such a conclusion
 
 
 [4]
 Nor were Farrens' prior consistent statements admissible under Rule 801(d)(1)(B). That Rule excludes from the hearsay definition prior consistent statements that are "offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." No such charge was leveled against Farrens. Nor do the prior consistent statements bear probative force bearing on Farrens' credibility beyond that which stems from "mere repetition." United States v. Miller, 874 F.2d 1255, 1274 (9th Cir.1989); see also United States v. Payne, 944 F.2d 1458, 1470-71 (9th Cir.1991)